ELLIS *et al. v.* PULLMAN & COMPANY *et al.*

1. The creditors of an insolvent mercantile corporation the corporators of which, having the full and absolute control of its affairs, have wrongfully misappropriated its assets so as to put the same beyond the reach of these creditors, may, though the claim of each be separate and distinct from those of all the others, unite in an equitable petition for the purpose of subjecting these corporators

to individual liability because of such misappropriation, and to this end, of obtaining an accounting by them for the assets thus misappropriated. The corporation itself is a proper party codefendant to such petition.

2. The gravamen of the plaintiffs' petition being the misappropriation complained of, and it being alleged that such misappropriation actually occurred and was in law a fraud upon the rights of petitioners, it was not essential that the declaration should set forth distinct acts of actual fraud on the part of the corporators in making the misappropriation.

3. Averments in the petition to the effect that the alleged misappropriation occurred between the 24th of October, 1892, and the 29th of August, 1893, were sufficiently specific as against a special demurrer alleging that there were "no allegations of the time of the misappropriation."

4. The petition, alleging that the debts due the petitioners were created between the dates above mentioned, and that they bore interest from the date last named, sufficiently, for the purpose of a case like the present, set forth the time of the creation of the petitioners' claims.

March 2, 1895.

Equitable petition. Before Judge HARDEMAN. Bibb superior court. April term, 1894.

DESSAU & HODGES, for plaintiffs in error. HARDEMAN, DAVIS & TURNER and WILLINGHAM & LANE, *contra*.

SIMMONS, Chief Justice.

It appears from the petition, that Ellis and his wife, having become heavily indebted as partners in a mercantile business, had themselves, together with a near kinsman, incorporated under the name of John Ellis Company, and in the corporate name bought goods from the petitioners and continued the business formerly conducted by the partnership, until they had discharged, out of the assets of the corporation, nearly all of their individual liabilities contracted as members of the partnership, and thereby rendered the corporation insolvent. The corporation then made an assignment of all its assets for the benefit of creditors, but enough was not realized from the sale of the assets to pay the preferred creditors under the assignment, and the petitioners'

claims are still unpaid. The corporators, in their application for incorporation, represented that their capital stock amounted to $25,000, all of which, they alleged, had been subscribed and paid in; but the only capital subscribed and put into the corporation was the merchandise, notes, accounts and choses in action which belonged to the partnership. The petitioners charge that the real purpose of the corporation was to protect the separate and individual property of Ellis and his wife from the outstanding liabilities they had contracted as a partnership, the scheme being to continue the business under the corporate name until the liabilities contracted by them as partners were discharged out of the assets of the corporation; and that the appropriation of the corporation assets in this manner was a fraud upon the petitioners and other creditors of the corporation, and Ellis and his wife are liable to them for the amount of. the misappropriation. The amounts due by the defendants to each of the petitioners are set forth in the petition, and it is alleged that these amounts are for merchandise sold to the John Ellis Company between October 24th, 1892, when the corporation was organized, and August 29th, 1893, when the deed of assignment was made, and that interest is due thereon from the date last named. The petitioners pray for judgment against the defendants for the amount of their respective claims, and that defendants account for the assets of the corporation which were appropriated by Ellis and his wife in payment of their firm debts or otherwise, and for general relief, etc.

The grounds of demurrer are, misjoinder of parties plaintiff, improper joinder of parties defendant, want of a cause of action, insufficient allegations of fraud, insufficient allegations of the time of the creation of petitioners' debts, and no allegations of the time of the misappropriation of the corporate assets.

There was clearly no misjoinder of parties plaintiff. The allegations in the petition show that all of the plaintiffs had a community of interest in the questions of law and fact involved in the controversy, and in the kind and form of relief demanded; and by their joining in one petition a multiplicity of suits could be avoided, and equal and exact justice could be done much better than if separate suits were brought by the different creditors. If the misappropriation did not amount to as much as the corporate debts, the proportion each creditor would be entitled to could not be ascertained in separate suits; indeed, one creditor, suing alone, might recover the entire amount of the misappropriation, leaving nothing for other creditors; but upon a joint petition by all the creditors, the court could decree a distribution among them of the amount recovered, in proportion to their respective debts. It is also clear that Ellis and his wife, and the John Ellis Company were not improperly joined as parties defendant. See *Burns* v. *Beck & Gregg Co.*, 83 *Ga.* 471.

We think the allegations of fraud were sufficient. The gravamen of the petition being the misappropriation complained of, and it being alleged that such misappropriation actually occurred and was in law a fraud upon the rights of petitioners, it was not essential that the declaration should set forth distinct acts of actual fraud on the part of the corporators in making the misappropriation. As against a demurrer alleging that there were "no allegations of the time of the misappropriation," averments in the petition to the effect that the alleged misappropriation occurred between the 24th of October, 1892, and the 29th of August, 1893, were sufficiently specific; and the petition alleging that the debts due the petitioners were created between the dates above mentioned and that they bore interest from the date last named, the time of the creation of the petitioners' claims

was sufficiently set forth for the purpose of a case like the present. A good cause of action was set forth, and the court did not err in overruling the demurrer.

*Judgment affirmed.*