*Krauss & Strong,* contra.

---

## 13829.   MARTIN v. BALL.

STEPHENS, J. 1. It is essential to a right of action in a husband for the privation of the consortium of his wife, when a recovery is not sought upon the ground of adultery, that the party complained against acted with the intent to produce the wrong to the husband, or that the party's acts were inherently wrong and so seductive in their nature as to authorize the inference that the wrong was intended, and furthermore that such party's conduct was a proximately contributing cause of the husband's injury. 13 R. C. L., 1458 et seq; 30 C. J., 1118 et seq; 1 Cooley on Torts (3d ed.), 464 et seq.

2. The maintenance of a mere friendly relation with the wife of another and the enjoyment of her company and society on various occasions, in the absence of any circumstances indicating an intent to disrupt or interfere in any manner with the marital relation, although such acts may be distasteful to the husband and contrary to the edicts of society respecting conduct where married women are concerned, are insufficient to establish any violation of the purely legal rights of the husband. 30 C. J. 1122.

3. Where in a suit the only evidence adduced which in any way

connected the defendant with the plaintiff's wife was that they had been seen in company with each other on various occasions where it did not appear that the husband was present,— once at a dance, several times riding together in an automobile in company with another woman, talking together in proximity to the defendant's place of business, in a public park where the wife was met by the defendant with an automobile and the two rode off together; that the wife went to an automobile establishment and there took out and used automobiles of the defendant with his consent; that he met her and took her and some other women riding in an automobile after she had a few minutes before used the telephone at the house of some friends, and that she went to his place of business about sundown, the evidence was not sufficient to authorize a recovery by the husband, and the court did not err in granting a nonsuit.

*Judgment affirmed. Jenkins, P. J., concurs. Bell, J., disqualified.*
DECIDED SEPTEMBER 21, 1923.

Action for damages; from Decatur superior court — Judge R. C. Bell. May 12, 1922.

*A. E. Thornton,* for plaintiff in error.
*Hartsfield & Conger,* contra.