## 22702. McMillan v. Smith.

STEPHENS, J. 1. Marriage is a contract by which the husband has the right to the consortium of the wife, which is defined to be "the conjugal fellowship of husband and wife, and the right of each to the company, cooperation and aid of the other in every conjugal relation." Bigaouette v. Paulet, 134 Mass. 123 (45 Am. R. 307). Where another man wilfully and intentionally, through mechanism, enticement, seduction, and other wrongful means, interferes with this relation, he deprives the husband of the consortium of the wife, and the husband has a right of action against him in damages therefor. Martin v. Ball, 30 Ga. App. 729 (119 S. E. 222) ; Gahagan v. Church, 239 Mass. 558 (132 N. E. 357) ; Woodson v. Bailey, 210 Ala. 568 (98 So. 809) ; Flandermeyer v. Cooper, 85 Ohio St. 327 (98 N. E. 102, 40 L. R. A. (N. S.) 360, Ann. Cas. 1913A, 983) ; 13 R. C. L. 1458; 30 C. J. 1118.

2. Where it is alleged that while the plaintiff and his wife, with the knowledge of the defendant, were living together in undisturbed relations as man and wife, the defendant induced the wife to visit him on various occasions and to take trips with him, to be in his presence by seeing her, called her, wrote to her, met her, and gave her gifts, that he committed these acts for the purpose of persuading her to sever her relations with the plaintiff and to leave him, that the defendant promised her that if she would leave the plaintiff the defendant would marry her and give her all the necessities and luxuries of life which he could afford, that the defendant planned for the wife to obtain a divorce from the plaintiff without the plaintiff's knowledge, and, by arranging a "fictitious address" of the plaintiff and causing the service of the divorce suit to be made by publication, a divorce was obtained without the plaintiff's knowledge, and that the wife afterwards married the defendant, the petition charges the defendant with wilfully and intentionally, through mechanism, enticement, seduction and wrongful means, committing the acts alleged, and thereby depriving the plaintiff of the consortium of the wife, and sets out a cause of action. Where these alleged facts are set out specifically and in detail in the petition as amended, the petition is good as against general and special demurrers.

Judgment affirmed. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.

DECIDED SEPTEMBER 29, 1933.

Ripley & Bailey, for plaintiff in error.
Carpenter & Ellis, contra.