23448. HERRINGTON *v.* SPELL.

DECIDED MARCH 19, 1934.

*Highsmith & Highsmith,* for plaintiff.
*Gordon Knox, J. C. Bennett,* for defendant.

SUTTON, J. 1. Plaintiff sued for damages, alleging that the defendant had violated and broken up his home and seduced and debauched his wife and brought disgrace upon his two children and "wrecked and ruined the life and peace and happiness of petitioner," inducing petitioner's wife "to yield to his lustful entreaties and enter upon a life of sexual relations with said defendant, which said acts of sexual intercourse with him occurred in the home of petitioner." The petition further set up that on a named date "petitioner was told of the visits of said defendant to the home of petitioner and of other circumstances, and one week later . . learned definitely, through the admissions of his wife, of the seduction and debauchery of her by the said Spell as hereinabove alleged, petitioner's said wife at said time having admitted to petitioner the fact of her said relations with said defendant and having

further stated to petitioner that her affection for petitioner had been undermined, and that she now cared for the said Spell." Upon the trial of the case the court struck the last quoted allegations of the petition, on oral motion of the defendant. The plaintiff assigns this action of the court as error. *Held:*

(*a*) Neither testimony of the plaintiff husband as to admissions by his wife of adulterous relations with the defendant, nor testimony of the wife as to her adulterous conduct with the defendant, would be admissible in an action for damages brought by the husband for alleged alienation of the affections of his wife by the defendant and his criminal conversation with her. (Civil Code (1910), § 5861; *Graves* v. *Harris,* 117 *Ga.* 817 (45 S. E. 239) ; *McAlpin* v. *Ryan,* 150 *Ga.* 746 (105 S. E. 289) ; *Thompson* v. *Crawford,* 30 *Ga. App.* 796 (119 S. E. 440).

(*b*) Statements or declarations of an alleged alienated spouse, not made in the presence of the defendant, are not admissible as substantive evidence to show defendant's guilt. Statements by the wife to her husband, out of the defendant's presence, concerning defendant's conduct and statements to her were not substantive evidence that the defendant had said or done the things related by her. So such admissions of the wife to the plaintiff husband, as were made in this case, subsequent to the alleged enticement, are not admissible. 30 C. J. §§ 1011, 1139, 1140.

(*c*) In such circumstances, the allegations of plaintiff's petition, setting up that his wife had admitted to him "the seduction and debauchery of her by the said" defendant, were not relevant matters of pleading in the above case, and were properly stricken by the court on motion of the defendant.

(*d*) All defects which appear on the face of the pleadings may be taken advantage of by motion. Civil Code (1910), § 5629. Allegations in a pleading which set up irrelevant matter, evidence in support of which would not be admissible upon the trial of the case, will be stricken out on motion. *Smith* v. *Smith,* 167 *Ga.* 98; *Roberts* v. *Investors' Savings Bank,* 154 *Ga.* 45 (6) (113 S. E. 398) ; *Bibb Sewer Pipe Co.* v. *Westinghouse Electric & Manufacturing Co.,* 142 *Ga.* 263 (82 S. E. 642) ; *Jones* v. *Jones,* 138 *Ga.* 730 (75 S. E. 1129).

2. Plaintiff's petition sought damages of the defendant because the defendant had broken up his home, debauching his wife

into living a life of sexual relations with him, and thus alienating her affections. The defendant denied the plaintiff's charges. Upon the issue thus formed the case proceeded to trial. At the most, the evidence authorized the jury to find that the plaintiff was a poor man, having a young wife and two small children; that the defendant was a rich man, and older than the plaintiff, who was his brother-in-law; that the defendant had hired the plaintiff to drive a motor-truck for him from Jeff Davis County, Georgia, to Jacksonville, Florida; that this necessitated the plaintiff's being away from his home from early morning until late in afternoon each day; that the defendant visited plaintiff's home frequently during his absence, sometimes twice daily, sometimes three or more times per week; that defendant's automobile was seen in front of plaintiff's house often; that defendant, who operated a commissary, was seen to go into his commissary and plaintiff's wife to shortly follow him therein; that on one or more occasions defendant's automobile was seen in front of plaintiff's home with plaintiff's children seated therein, eating fruit or candy (but there was no evidence that this had occurred often); that defendant and plaintiff's wife were seen in the hallway of plaintiff's home, coming from the rear of the house where her bedroom was, on one occasion by a neighbor and plaintiff's wife's mother; that on one occasion after defendant's car had been seen in front of plaintiff's home, defendant was seen at the store and "he looked like a man that had been at work, . . he was just wet with sweat;" and that defendant frequently got plaintiff's wife to do sewing for his wife, who was the sister of plaintiff. The evidence showed also that plaintiff's wife had filed a suit for divorce against him upon the ground of alleged cruel treatment. There was evidence that the defendant had been seen on the porch of plaintiff's home with plaintiff's wife, together with his own wife, the sister of plaintiff, and that defendant's wife had been to plaintiff's house to get his wife to do some sewing for her and had taken her to defendant's house for that purpose. There was also evidence that defendant owned the house wherein plaintiff lived, that at one time he had some repairs made thereon, which were being made when he was seen about plaintiff's home by some of the plaintiff's witnesses, and that he owned lands and had turpentine and timber leases of various lands in the vicinity of plaintiff's home, some as near as one hundred and fifty yards.

The fact that the defendant was seen in the company of plaintiff's wife on various occasions, and maintained friendly relations with her, while probably distasteful to the husband, would not alone be sufficient to establish a liability on the part of the defendant for an alienation of the wife's affections, whether a recovery was sought upon the ground of adultery or not. *Marlin* v. *Bell,* 30 *Ga. App.* 729 (119 S. E. 222).

After a careful examination of the entire record in this case, we are of the opinion that the evidence did not make out a case, and that the trial judge did not err in granting a nonsuit. Civil Code (1910), § 5942; *Tison* v. *Yawn,* 15 *Ga.* 491; *Kelly* v. *Strouse,* 116 *Ga.* 872 (43 S. E. 280); *Evans* v. *Josephine Mills,* 119 *Ga.* 448 (46 S. E. 674).

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*