### TINGLE *v.* MADDOX.

GRICE, Justice. 1. Where, as in this case, an order of dismissal, the bill of exceptions, and a note by the judge in his certificate show that the court intended to pass upon and determine only as to the cause of

action and questions presented by a general demurrer to the petition, the judgment will be so treated, and grounds of special demurrer will not be considered, especially where the case is so construed and argued by counsel on both sides. The fact that the petition may have joined an action ex contractu with one ex delicto, as stated in a note by the judge to the bill of exceptions, could not be taken as rendering the petition subject to the general demurrer, since multifariousness, duplicity, or misjoinder is ground for special demurrer. *Shingler* v. *Shingler*, 184 *Ga.* 671, 672 (192 S. E. 824), and cit.; *King* v. *Investors Mortgage &c. Co.*, 51 *Ga. App.* 235 (2, 3) (179 S. E. 910), and cit.

2. While it is the rule that "a judgment overruling a general demurrer to a petition, unless excepted to and reversed, is an adjudication that the petition sets forth a cause of action, and the court may not by indirection deprive the plaintiff of the estoppel he is entitled to urge as against the defendant" (*Turner* v. *Willingham*, 148 *Ga.* 274 (2), 96 S. E. 565, and cit.; *Roles* v. *Edwards*, 49 *Ga. App.* 527, 176 S. E. 106, and cit.), it is also the rule that "an amendment to a petition which materially changes the cause of action, made at any stage of the case, opens the whole petition to demurrer at that time. Aliter, when the amendment makes no material change in the cause of action." *Kelly* v. *Strouse*, 116 *Ga.* 872, 879 (43 S. E. 280); *Robertson* v. *Tallulah Falls Ry. Co.*, 29 *Ga. App.* 530 (116 S. E. 65). Accordingly, where the plaintiff filed an amendment materially changing the nature of her petition, originally seeking only damages at law on account of the alleged alienation by the defendant of the affections of the plaintiff's husband, by setting forth new facts, grounds, and prayers for equitable relief by injunction, discovery, and accounting, the previous judgment overruling a general demurrer to the original petition did not preclude the defendant from demurring generally to the petition as amended, or render the former judgment conclusive against her as to the existence of a right of action. Especially is this true since the court in the original order, overruling the general demurrer but sustaining several grounds of special demurrer, in providing as to amendments of the original petition, expressly ordered that upon such filing, "then under the law the attorney for the defendant would have the right to renew said demurrers," and the order allowing the amendments also provided that they should be "subject to demurrer."

3. Under the decisions of this court in *City of Atlanta* v. *Dorsey*, 73 *Ga.* 479, *Pavlovski* v. *Thornton*, 89 *Ga.* 829 (15 S. E. 822), and *Mayor &c. of Athens* v. *Smith*, 111 *Ga.* 870 (36 S. E. 955), a married woman may maintain an action for damages against a third person for alienation of the affections of her husband and loss of her consortium, even though she may be living at the time with her husband. Although the holdings in *Sessions* v. *Parker*, 174 *Ga.* 296 (162 S. E. 790), were made in reply to a question certified by the Court of Appeals as to such a right of action when a married woman is "living separate from her husband," yet the basis of the rulings and the construction of the statutes and of other decisions were not limited to the situation of the wife's separation from her husband. Accordingly, even though the holdings in *Sessions* v. *Parker* might be taken as obiter with reference

to the different situation of the wife in the instant case, the reasoning is equally applicable, and requires a like determination, adverse to the present defendant. See also *Edwards* v. *Monroe*, 54 *Ga. App.* 791 (189 S. E. 419); Code, §§ 53-511, 53-502. Therefore the court erred in dismissing, on general demurrer, the petition as amended. No question here arises or is determined as to the right of either spouse to sue or recover against the other. See, in that connection, *Eddleman* v. *Eddleman*, 183 *Ga.* 766 (189 S. E. 833); *Carmichael* v. *Carmichael*, 53 *Ga. App.* 663 (187 S. E. 116); *Heyman* v. *Heyman*, 19 *Ga. App.* 634 (92 S. E. 25). *Judgment reversed. All the Justices concur.*

No. 12326. September 24, 1938.

760

D. D. *Veal* and *R. C. Jenkins,* for plaintiff.
J. B. *Jackson* and *W. S. Florence,* for defendant.