## MU CHAPTER BUILDING FUND INC. *v.* HENRY.

No. 16476. February 17, 1949.

*Smith, Kilpatrick, Cody, Rogers & McClatchey,* and *Sidney Haskins,* for plaintiff in error.

*Dudley Cook, Alex McLennan, Hugh Burgess,* and *Julius McCurdy,* contra.

HAWKINS, Justice. (After stating the foregoing facts.) It appears that the precise question here presented has not heretofore been passed upon by the courts of this State. While this court, by divided opinion, held in *John Hancock Mutual Life Insurance Co.* v. *Davis,* 173 *Ga.* 443 (160 S. E. 393), that the identical restrictive covenant here involved was not violated by the operation of a boarding house, that ruling is not controlling here, for the reason that in that case there were no such allegations as appear in the present petition — to the effect that the owner of the property, in the use of the house as a college fraternity house, was holding fraternity meetings therein, was staging initiations into the said fraternity, was holding dances, rush parties, and other forms of entertainment in the house; that the occupants have located on the first floor a storeroom, numerous radios, and a soft-drink vending machine, and are offering for sale other items of merchandise to those present in the house from time to time; that there has been erected in front of the house a large neon sign, and that the lights inside the house and the neon sign are kept burning at all hours of the night, while the occupants thereof engage in dancing and other activities. And the same thing might be said of *David* v. *Bowen,* 191 *Ga.* 467 (12 S. E. 2d, 873), wherein it was held that the restrictive covenant there involved was not violated by the owner occupying the house as a residence and home and in using it as a boarding house from which she earned her livelihood.

Under the allegations of the petition in the instant case, with reference to the activities in and around a fraternity house, it partakes more of the nature of a club house with recreational and entertainment facilities, and a gathering place for its members. In *City of Lincoln* v. *Logan-Jones,* 120 Neb. 827 (235 N. W. 583), it is held: "Buildings used by college Greek letter fraternity as chapter house held not 'residence' permitted within exclusive residential district established by zoning ordinance." See also *Pettis* v. *Alpha Alpha Chapter of Phi Beta Pi,* 115 Neb. 525 (213 N. W. 835); *Hannan* v. *Harper,* 189 Wis. 588 (208 N. W. 255, 45 A. L. R. 1119).

Activities described in the petition, when engaged in by exuberant and hilarious young people, might reasonably be said to constitute a decided disturbance to the peace and quiet of a

sedate and elderly group of peaceful citizens in a strictly residential neighborhood, seeking, by such a restrictive covenant as that here involved, protection from the noise, bustle, and confusion which necessarily surrounds places where young people gather together for the enjoyment of activities of the kind described. What is here said is not, by any means, intended as a criticism of such activities or of the exuberance and hilarity of the young people, for it is only natural and to be expected, but it should be confined to a place not prohibited by a restrictive covenant. In the argument of counsel for the defendant the question is asked, if the court can hold that a fraternity house in which its members lodge and reside is less a residence than a boarding house. That such premises will be used for lodging and residence by the members of the fraternity does not appear from the petition, but only from the answer, the allegations of which can not be considered on demurrer to the petition. If it appeared that the only use to which the fraternity house was to be put by its members was for lodging and residence, the ruling might be different. The question here presented is whether the petition stated a cause of action for the injunctive relief sought. Taking as true, for the purpose of the demurrer, the allegations of the petition as to the nature and character of the particular fraternity house here involved, the way and manner in which it is maintained, and the various activities of its members and guests, as described in the petition, we hold that its maintenance and operation as alleged would constitute a violation of the covenant providing that the premises "shall not be used otherwise than for residence purposes."

The special grounds of demurrer insisted upon by counsel for the defendant call upon the plaintiff for more specific allegations as to when and how many fraternity meetings were being held at the premises and how often said meetings were held; when and how many initiations had been staged; when and how many dances had been held; when and how many rush parties had been held, and what other forms of entertainment had been held; what items of merchandise were being or had been sold or offered for sale in the premises, when such sales had been made, and to whom such sales had been made. The petition

852

alleged generally the activities which the plaintiff insisted the defendant and its members, were engaged in and carrying on at the fraternity house. The frequency with which the various activities occurred, the kind of merchandise, and the persons to whom sold, are matters peculiarly within the knowledge of the defendant, and the plaintiff is not required to plead his evidence. The allegations as made sufficiently inform the defendant of the nature and character of the acts and matter complained about, and no more specific allegations were necessary. *Bittick* v. *Georgia, Florida & Alabama Ry. Co.*, 136 *Ga.* 138, 139 (70 S. E. 1106); *Atlantic Ice & Coal Co.* v. *Reeves*, 136 *Ga.* 294 (3) (71 S. E. 421, 36 L. R. A. (N. S.) 1112); *Busby* v. *Marshall*, 3 *Ga. App.* 764 (60 S. E. 376); *Steed* v. *Harris*, 52 *Ga. App.* 581 (1) (183 S. E. 847).

The trial court properly overruled both the general and special demurrers.

*Judgment affirmed. All the Justices concur.*