### 34622. KIDD *v.* HOLTZENDORF.

Decided June 10, 1953.

*Len B. Guillebeau,* for plaintiff in error.

*W. Geo. Thomas,* contra.

GARDNER, P. J.   We will not here discuss or go into the question that the motion of the defendant to dismiss the plaintiff's petition was not filed in time.   So far as this case is concerned, any discussion of that point is beside the question to be determined here.   We have set out the allegations of the petition in

full, and have set out the allegations of the answer substantially. The court correctly refused to dismiss the petition of the plaintiff on the motion of the defendant. The defendant cites in support of the motion to dismiss the petition, *Martin* v. *Ball*, 30 *Ga. App.* 729 (119 S. E. 222), and *Herrington* v. *Spell*, 48 *Ga. App.* 802 (173 S. E. 870). A casual reading of the cases will disclose that neither of them approaches any similarity to the allegations of the petition now before us. We deem it useless to discuss them. The law governing the situation made by the allegations of the instant petition is succinctly set forth in *Hosford* v. *Hosford*, 58 *Ga. App.* 188 (198 S. E. 289). In that case the court stated: "The gist of an action for alienation of affections is the loss of consortium, that is, the right of the husband or wife to the conjugal fellowship, company, co-operation and aid of the other in every conjugal way."

Also in *Jackson* v. *Davis*, 203 *Ga.* 39 (45 S. E. 2d 278), it was held: A motion to dismiss in the nature of a demurrer, "will not be allowed *unless* every material fact on which the motion is founded is apparent in the declaration." (Italics ours.)

The allegations of the instant petition bring it squarely under the above provisions of law and, if sufficient of such allegations are proven, the plaintiff is entitled to a verdict.

The court did not err in denying the motion of the defendant to dismiss the petition.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*