38971.   WRIGHT v. LESTER.

DECIDED SEPTEMBER 29, 1961—REHEARING
DENIED NOVEMBER 27, 1961 AND DECEMBER 13, 1961.

*Houston White,* for plaintiff in error.

*Hester & Hester, Frank B. Hester,* contra.

BELL, Judge. ■ The tort of alienation of affections has long been recognized in Georgia. "The gist of an action for alienation of affections is loss of consortium, that is 'the right of the husband or wife to the conjugal fellowship, company, cooperation, and aid of the other in every conjugal way.' " *Hosford v. Hosford,* 58 Ga. App. 188 (1) (198 SE 289); *Kidd v. Holtzendorf,* 88 Ga. App. 360 (76 SE2d 656); *Gross v. Lipton,* 92 Ga. App. 38 (87 SE2d 438). In the latter case allegations that the defendant wilfully, wantonly and maliciously by wrongful acts detailed in the petition caused the wife to deny her husband her fellowship, consortium, and his conjugal rights, and finally to separate from the plaintiff was held to state a cause of action against the parents of the wife for alienation of affections. It is essential to the right of action when the recovery is not sought on the ground of adultery, that the party complained against acted with the intent to produce the wrong to the

husband, "or that the party's acts were inherently wrong and so seductive in their nature as to authorize the inference that the wrong was intended, and furthermore that such party's conduct was a proximately contributing cause of the husband's injury." *Martin v. Ball*, 30 Ga. App. 729 (1) (119 SE 222).

The petition here alleges the requisite intent on the part of the defendant, in that it charges that the defendant by the acts detailed, by artful means and deceitful practices—consisting of secret embraces, giving of gifts, secret meetings, and persuasions—alienated the affections of the plaintiff's wife; that he did so wilfully and maliciously; that he succeeded in utter disregard of the marital relationship which was known to him; and that his acts were the sole and proximate cause of the depriving of the plaintiff of the society, affection, assistance, conjugal fellowship and consortium of the plaintiff's wife. The petition as amended was sufficient to state a cause of action against the defendant for alienation of the affections of the plaintiff's wife. See *McMillan v. Smith*, 47 Ga. App. 646 (171 SE 169).

"Criminal conversation, enticement and alienation of affections still are often treated as separate torts, but there is no good reason for distinguishing them. They represent three forms of interference with aspects of the same relational interest, and of course all three may be present in the same case. When the action is for criminal conversation, proof of enticement or alienation will go to increase the damages, and the converse is likewise true. There is now a decided tendency to confuse the three, or to lump them together, usually under the general name of 'alienation of affections,' without any attempt to distinguish the possible elements of the tort." Prosser on Torts, 2d Ed. § 103, p. 686. See also 42 C.J.S. 315, Husband and Wife, § 660, and pp. 318-9, §§ 664-665.

Counsel strenuously urges that prior to May 14, 1784, there existed in England no cause of action for alienation of affections per se, nor a cause of action for loss of or injury to "consortium" per se, and that the gist of the common-law action in those cases in which the loss of consortium as then defined might constitute an element of damage was either (1) the affirmative act or acts of abducting, harboring, or enticing the wife from the hus-

band, and (2) adultery or criminal conversation, and (3) beating or abusing the wife. Using this premise as the basis for his views, counsel contends that alienation of affections was not a substantive cause of action at the common law, and thus that there is in Georgia no cause of action for alienation of affections arising from loss or injury to the right of consortium except upon a showing of adultery, abduction, harboring, or enticement. With this contention we do not agree.

The case of *Martin v. Ball*, 30 Ga. App. 729, supra, recognized that the right of action in the husband for alienation of affections lies for the privation of the consortium of his wife even when a recovery is not sought upon the ground of adultery. In *Hosford v. Hosford*, 58 Ga. App. 188, supra, this court reiterated that the gist of an action for alienation of affections is *the loss of consortium*, and held that the cause of action brought by the wife against the mother of the plaintiff's husband arose when the wife was deprived of her conjugal right, i. e., the alienated affections, loss of comfort, fellowship, society, aid and assistance in domestic affairs. In the *McMillan* case, 47 Ga. App. 646, supra, there was no allegation of adultery or beating of the wife, but instead the allegations found by the court to be sufficient to state a cause of action for loss of consortium are strikingly similar to those of the present petition.

The *Martin v. Ball* case, supra, was decided in 1923, *McMillan v. Smith*, supra, was decided in 1933, and *Hosford v. Hosford*, supra, in 1938. None of these cases has been overruled. In 1945 this State adopted and ratified a new Constitution which, in Art. XII, Sec. I, declares the laws of general operation in this State. Par. V of this Article (*Code Ann.* § 2-8005) provides, "All judgments, decrees, orders, and other proceedings, of the several courts of this State, heretofore made within the limits of their several jurisdictions, are hereby ratified and affirmed. . ." Clearly, this provision of the Constitution approved these prior decisions and gave to them the force of law in this State, whatever the rule in Blackstone's day might have been. Since the Constitution of 1945 was adopted, other decisions, particularly *Gross v. Lipton*, 92 Ga. App. 38, supra, have held that the gist of the action for alienation of affections is the

loss of consortium, and this where adultery was not alleged. In summation, we conclude that allegations of wrongful conduct, done wilfully, maliciously, in utter disregard of the marital relationship known to the defendant, which were allegedly the sole and proximate cause of depriving the plaintiff of the society, affection, assistance, conjugal fellowship, and consortium of the plaintiff's wife, and intended to produce this result, are sufficient to state a cause of action for alienation of affections. See also *Sessions v. Parker*, 45 Ga. App. 101 (163 SE 297). And see *Brown v. Ga.-Tenn. Coaches, Inc.*, 88 Ga. App. 519 (77 SE2d 24), which recognizes a cause of action unknown to the common law.

The coincidence that *Code* § 105-1202 sets forth liability for abducting or harboring the wife, and *Code* § 105-1203 codifies the common-law liability for adultery or criminal conversation, does not mean that there is in Georgia no right of action for alienation of affections, nor do these sections require proof of harboring or adultery in order for the husband to maintain an action for alienation of affections.

The trial court did not err in overruling the general demurrer to the petition.

■ Defendant's special demurrers 2 and 3 of the original demurrers attack allegations in paragraph 7 of the petition on the ground that the time or times when the alleged secret embraces, giving of gifts, secret meetings, and persuasions, and the intervals and periods of time when the plaintiff's wife absented herself from the plaintiff and their home, were not clearly and distinctly set forth.

When the grave and damnatory nature of the charges made against the defendant and his alleged co-conspirator are considered, the time of these alleged actions and the periods of absence were relevant and material and constituted requisite information for the preparation of the defense, and should have been set forth; or it must have been alleged that such were unknown to the petitioner but well known to the defendant. The trial court erred in overruling special demurrers 2 and 3 of the original demurrers.

■ Special demurrers 4, 5, 6, 7, and 8 attacked paragraph 8

of the petition which alleged that the plaintiff and his wife had received temporary custody of an infant child five days of age and had begun adoption proceedings of which the defendant had knowledge, and that the defendant continued his wilful and malicious efforts to steal the affections of the plaintiff's wife, proposing to plaintiff's wife that defendant would adopt and support the minor child when defendant obtained a divorce from his wife. These special demurrers attack the paragraph on the ground that it is immaterial, irrelevant, duplicitous, and purports to set up a cause of action for the loss of custody of the child; that the wilful and malicious efforts, which were continued by the defendant to steal the affections of the plaintiff's wife, were not fully, clearly, and distinctly set forth; that the proposal that the defendant would adopt the child when he obtained a divorce from his wife is immaterial and irrelevant; and that the time when the proposal was made is not fully, clearly, and distinctly set forth. The allegations of this paragraph 8 were both material and relevant, since it is apparent, from the petition as a whole, that as part of his alleged plan to alienate the affections of the plaintiff's wife, the defendant's proposal to adopt the child which she and her husband were contemplating adopting could have been an inducing, or perhaps the controlling, factor in the success of the defendant's alleged efforts at alienation.

This paragraph of the petition, when viewed with the remainder, sufficiently apprises the defendant of the charges the plaintiff is making against him.

Special demurrer 8, attacking the failure in this paragraph to allege the time when the alleged proposal was made to the petitioner's wife, was material, and should have been alleged, or it should have been alleged that the time was unknown to the petitioner but well known to the defendant. Here there was neither. "It is certainly true that the writ must aver a time when every material or traversable fact transpired. It must allege all the circumstances necessary for the support of the action, . . . and the *time* and place with such precision, certainty, and clearness that the defendant, knowing what he is called upon to answer, may be able to plead a direct and unequivocal defense." *Warren v. Powell*, 122 Ga. 4, 5 (49 SE 730).

Special demurrers 4, 5, 6, and 7 of the original demurrers were properly overruled. Special demurrer 8 should have been sustained, since the time of the event was not alleged.

■ Special demurrers 9 and 11 of the original demurrers attack paragraphs 9 and 12 of the petition on the grounds that the times of the alleged secret meetings between the defendant and the plaintiff's wife were not fully, clearly, and distinctly specified. While as a general proposition the rule admittedly is that where the facts alleged are within the knowledge of the party interposing the special demurrer, the opposing party is not required to plead such facts, we feel that an exception should be made to this rule in the case of an action for alienation of affections. A great many jurisdictions have abolished this and kindred actions such as criminal conversation, seduction, and breach of promise to marry. The reasons usually assigned for the abolition of these actions are that they have afforded a fertile field for blackmail and extortion by means of manufactured suits in which the threat of publicity is used to force a settlement. Prosser on Torts, 2d Ed., § 103, p. 697.

Without casting any doubts upon the good faith and validity of the plaintiff's cause here, where an action of this type is indeed a "manufactured one," a spurious plaintiff would be most reluctant to pursue it where he has to charge the exact time or times the events took place. The defendant obviously would need to know the time alleged in order to prepare his defense adequately. As has been said repeatedly of the charge of rape, this type of accusation is one easy to make, hard to prove and harder to defend. We hold that the petition should have alleged either the times when the secret meetings between the plaintiff's wife and the defendant took place or, as an alternative, should have alleged that the times of the meetings were unknown to the plaintiff but were well known to the defendant. Paragraph 9 was amended so as to remove the attack thus made upon it by alleging the latter alternative. Here paragraph 12 of the plaintiff's petition as amended charges meetings between the defendant and the plaintiff's wife at seven different places but does not charge the time or times of the meetings. We hold the time of the meetings at the places alleged should have been set

forth in the petition or alleged to be unknown to plaintiff but well known to the defendant. In *Hobbs v. Holliman,* 74 Ga. App. 735, 739 (41 SE2d 332), this court held that, in an action for criminal conversation and harboring, allegations of criminal conversation at a designated house, and at various and sundry places unknown to the plaintiff but well known to the defendant, during the entire year 1945, and particularly through the month of January, 1946, were sufficient against special demurrer.

The trial court erred in overruling special demurrer 11 of the original demurrers, but properly overruled special demurrer 9.

■ Special demurrers 12, 13 and 14 attack certain paragraphs of the petition on the grounds that the time when the attitude of the plaintiff's wife changed to coldness and indifference and when the alienation of affections took place was not fully, clearly, and distinctly set forth. Paragraph 14 alleges that the attitude of the plaintiff's wife toward him changed shortly after the vacation at St. Simons Island, Ga. The time of this vacation is set out specifically in another paragraph of the petition. Paragraph 7 of the petition, reasonably interpreted, shows that the plaintiff's wife's affections were completely alienated in October, 1959. Assuming without deciding that the time of the wife's change of attitude and the alleged alienation were necessary to be set forth in the petition, we think that the petition adequately did so.

Special demurrers 19 and 20 are similar to these. The trial court properly overruled special demurrers 12, 13, 14, 19, and 20 of the original demurrers.

■ Special demurrers numbered 15, 16, 17, and 18 of the original demurrers attacked the petition on the ground that it is duplicitous in that it attempts to combine in one count actions for harboring the wife, adultery, or criminal conversation and alienation of affections. With this we do not agree. The amendment to the petition deleted any allegation of adultery or criminal conversation and, as held in division 1 of this opinion, the petition sets forth a cause of action for alienation of affections. The other alleged acts of the defendant, if interpretable as constituting another tort or torts, were at the most aggravating circumstances to increase the damages for the tort of alienation of

affections. Any references in the petition which might be construed as referring to harboring or implying adulterous conduct we construe as merely adding elements of damage. "When the action is for criminal conversation, proof of enticement or alienation will go to increase the damages, and the converse is likewise true." Prosser on Torts, 2d Ed., § 103, p. 686. "In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." *Code* § 105-2002. In an action for one of these torts, alienation of affections, criminal conversation, or inducing the wife to separate from or live apart from her husband, damages may be recovered for either or both of the others torts. 3 Restatement, Torts, § 683, comm. c. Thus in an alienation of affections action in another jurisdiction, adultery between the female defendant and plaintiff's husband was properly pleaded in aggravation of damages, though not necessary for recovery. Rank v. Kuhn, 236 Iowa 854 (20 NW2d 72).

The trial court did not err in overruling special demurrers 15, 16, 17, and 18 of the original demurrers.

■ Numerous special demurrers attacked the failure of portions of the paragraphs to set forth fully the time or times of the alleged acts of the defendant which alienated the affections of the plaintiff's wife. These special demurrers have been ruled upon in detail in divisions 2, 3, and 4 of this opinion. These rulings necessarily control the substance of the portion of the petition attacked by special demurrer 21, and it is unnecessary for this demurrer to be passed upon.

Special demurrers 22 and 23 of the original demurrers are without merit. Special demurrer 10 of the original demurrers was met by plaintiff's amendment to the petition and was properly overruled.

Special demurrers 2, 3, and 4 of the renewed and additional demurrers are covered by the ruling on the special demurrers 9 and 11 in division 4 of the opinion, and we consider, in this case, that the failure to allege specifically the time or times and place or places of the acts charged is covered by the same prin-

ciples. While it is true that time may be determinative of whether the statute of limitation has barred the cause of action, in this case the time is not so involved, as the paragraph attacked sets out by day, month, and year the time of the beginning and ending of the alleged secret meetings between the defendant and the plaintiff's wife, and whether the efforts at alienation were successful on the first day attempted or the last day attempted, the statute of limitation would not have run. As the cases cited in other parts of this opinion have held, the gist of the action here is loss of consortium. The gist of the action in *Hobbs v. Holliman,* 74 Ga. App. 735 (2), 739, supra, was also loss of consortium. There this court held, "The acts of criminal conversation and harboring the wife being pleaded as inducement or explanatory of the gist of the cause of action, such acts are not required to be set forth with the same certainty as that required in setting forth the gist or the essential elements of the cause of action." The allegations of meetings between the defendant and plaintiff's wife at designated places and at various and sundry places, unknown to plaintiff but well known to the defendant, are sufficient. Ibid., p. 740. These demurrers were properly overruled.

■ Special demurrers 5 and 6 of the additional demurrers attack that portion of the amendment to the petition which reads: "Due to the continued and wilful persuasions of the defendant," on the grounds that their nature is not fully, clearly, and distinctly set forth, nor are their time or times set out. These demurrers are without merit. Elsewhere in the petition the acts of the defendant which served to persuade plaintiff's wife to transfer her affections to him are clearly set forth. The time of the acts of persuasion, except as otherwise expressly ruled herein, need not be specifically alleged. It is obvious that such a ruling would make it impossible for the plaintiff ever to frame a petition for this type of tort if the rule were otherwise. *Hobbs v. Holliman,* supra.

The trial court properly overruled special demurrers 5 and 6 of the renewed and additional demurrers.

■ Special demurrers 7, 8, 9, and 10 attack the amendments to paragraphs 9 and 12 of the petition on the grounds that there

was not alleged what occurred at the private meetings between plaintiff's wife and defendant; nor the purpose thereof; nor whether their purpose was accomplished; nor were any facts alleged to support the allegations of such meetings.

As we read the petition, it sufficiently alleges that these meetings between the defendant and petitioner's wife were part and parcel of his "artful means and deceitful practices" to alienate her affections, and the petition alleges clearly that the purpose was accomplished, with a sufficient allegation of facts which, if proved, would so show. The trial court properly overruled special demurrers 7, 8, 9, and 10 of the renewed and additional demurrers.

■ Special demurrers 11, 12, and 13 of the renewed and additional demurrers of the defendant attack the amendments to the petition, inconsistently, in that special demurrer 11 contends that the said amendment purports to add a new and distinct cause of action in that the amendments are not based upon adultery, as was the original cause or causes of action in the petition, while special demurrers 12 and 13 contend that these same amendments are allegations tending to show adultery without allegations that adulterous conduct took place.

For the reasons given in divisions 1 and 6 of the opinion, these demurrers are without merit. Since the petition stated a cause of action for alienation of affections, whether adultery is alleged or not goes only to the issue of damages, which the plaintiff may or may not choose to allege and prove. The trial court properly overruled special demurrers 11, 12, and 13 of the renewed and additional demurrers.

■ Special demurrer 14 of the additional demurrers attacks that portion of the amendment to the petition which read: "In furtherance of the wilful and malicious scheme to deprive plaintiff of the society, affection, assistance, consortium, and conjugal fellowship of plaintiff's wife," on the grounds that this is a conclusion unsupported by any "well-pleaded facts in the petition because there is no description of what the wilful and malicious scheme consisted of or in what manner said scheme was to be carried out." This is without merit, as the other portions of the petition, except as to time, sufficiently allege the various acts of

the defendant designed to alienate the wife's affections and how they were successfully carried out. The trial court properly overruled special demurrer 14 of the renewed and additional demurrers.

Special demurrers 15 and 16 attack the amended petition for duplicity, reiterating the attacks made upon the original petition on the same basis. For the reasons given here, in divisions 1 and 6, these were properly overruled by the trial court.

General demurrer 17 of the additional demurrers attacks at length the petition on the grounds that the allegations are too vague, indefinite, and incomplete to set out a cause of action, because there are "insufficient reasons alleged why defendant could have and should have alienated the affections of petitioner's wife," and generally reiterates the attacks discussed above in other special and general demurrers to the original and amended petition. The petition alleges that the efforts at alienation were successful. Whether they were insufficient to cause the transfer of plaintiff's wife's affections is for the jury to determine. For the reasons given, the trial court properly overruled general demurrer 17 of the renewed and additional demurrers.

*Judgment affirmed in part and reversed in part. Hall, J., concurs. Felton, C. J., concurs specially.*

FELTON, Chief Judge, concurring specially. I do not concur in all that is said in division 1 of the opinion. In my opinion the original was duplicitous in that it set forth a cause of action for alienation of affections and criminal conversation, these causes of action being separate and distinct. The demurrer raising the question of duplicity resulted in an amendment striking the reference in the petition to criminal conversation, which left the cause of action for alienation of affections. It was ruled in *Sessions v. Parker*, 174 Ga. 296 (162 SE 790), that at common law a right of action existed even in favor of a wife for the alienation of the affections of her husband but that the remedy to sue in her own name remained in abeyance. There are no express allegations of adulterous conduct in the petition and there is none by necessary implication either as a cause of action or in aggravation of damages.

As to the special demurrers calling for specific allegation of time when certain acts occurred, in view of the fact that the petition alleged the dates between which the actions occurred the time is alleged with enough definiteness to permit a full defense. *Mu Chapter Bldg. Fund, Inc. v. Henry,* 204 Ga. 846 (51 SE2d 841, 7 ALR2d 431). I agree with the other matters stated in the opinion and concur in the judgment.