21567. WRIGHT v. LESTER.

ARGUED APRIL 10, 1962—DECIDED MAY 28, 1962.

*Houston White, Beryl H. Weiner, John E. Hogg,* for plaintiff in error.

*Richard M. Hester, Frank B. Hester,* contra.

HEAD, Presiding Justice. ■ In the present case the Court of Appeals held that the petition stated a cause of action for alienation of affections and the loss of consortium, and that it was not error to overrule the general demurrers of the defendant. See *Lester v. Wright,* 105 Ga. App. 107 (123 SE2d 672). This court granted certiorari primarily by reason of the construction given Art. XII, Sec. I, Par. V of the Constitution of 1945 (*Code Ann.* § 2-8005) by the Court of Appeals.

In the opinion of the Court of Appeals it was stated in part: ". . . counsel contends that alienation of affections was not a substantive cause of action at the common law, and thus that there is in Georgia no cause of action for alienation of affections arising from loss or injury to the right of consortium except upon a showing of adultery, abduction, harboring, or enticement. With this contention we do not agree." As authority sustaining a cause of action for alienation of affections, the Court of Appeals cited *Martin v. Ball,* 30 Ga. App. 729 (1) (119 SE 222); *Hosford v. Hosford,* 58 Ga. App. 188 (1) (198 SE 289), (and other decisions by the Court of Appeals); and in the opinion it was further stated: "The *Martin v. Ball* case supra, was decided in 1923, *McMillan v. Smith,* supra, was decided in 1933, and *Hosford v. Hosford,* supra, in 1938. None of

these cases has been overruled. In 1945 this State adopted and ratified a new Constitution which, in Art. XII, Sec. I, declares the laws of general operation in this State. Par. V of this article (*Code Ann.* § 2-8005) provides, 'All judgments, decrees, orders, and other proceedings, of the several courts of this State, heretofore made within the limits of their several jurisdictions, are hereby ratified and affirmed. . .' Clearly, this provision of the Constitution approved these prior decisions and gave to them the force of law in this State, whatever the rule in Blackstone's day might have been. Since the Constitution of 1945 was adopted, other decisions, particularly *Gross v. Lipton,* 92 Ga. App. 38, supra [87 SE2d 438] have held that the gist of the action for alienation of affections is the loss of consortium, and this where adultery was not alleged."

Art. XII, Sec. I, Par. V of the Constitution of 1945 (*Code Ann.* § 2-8005) can not properly be construed to "freeze" decisions by the Court of Appeals and this court decided prior to the adoption of the Constitution. This is clearly demonstrated by the words in this paragraph not quoted by the Court of Appeals in its opinion, which follow immediately after the words, "are hereby ratified and affirmed," to wit, *"subject only to reversal by motion for a new trial, appeal, bill of review or other proceedings, in conformity with the law of force when they were made."* (Italics ours.)

*Code* § 6-1611 provides how prior decisions of this court may be overruled. This Code section is from the act of 1896, and was of full force and effect at the time of the adoption of the Constitution of 1945. Neither the Court of Appeals nor the Supreme Court is prohibited by the Constitution of 1945 from overruling prior decisions rendered by each of such courts in the manner provided by law, and the Supreme Court by a majority decision may disapprove or overrule a decision of the Court of Appeals. "The decisions of the Supreme Court shall bind the Court of Appeals as precedents." Constitution, Art. VI, Sec. II, Par. VIII (*Code Ann.* § 2-3708).

The provision of the Constitution of 1945, Art. XII, Sec. I, Par. V, was included in the Constitution of 1877 as Art. XII, Sec. I, Par. VI. In construing this provision of the Constitu-

tion of 1877, in *Mayor &c. of Cartersville v. Lyon,* 69 Ga. 577, 580 (2), it was said that under the Constitution of 1868 a justice of the peace had jurisdiction to try cases of damage to realty as well as personalty, while under the Constitution of 1877 a justice of the peace had no jurisdiction as to damages to realty, but that since the case was tried before the adoption of the Constitution of 1877, it was not affected thereby.

The purpose of Art. XII, Sec. I, Par. V of the Constitution of 1945 (*Code Ann.* § 2-8005) is to protect rights acquired pursuant to prior decisions of a court under the Constitution of 1877. The opinion of the Court of Appeals, in so far as it purports to construe Art. XII, Sec. I, Par. V of the Constitution of 1945, is disapproved and overruled.

■ Counsel for the defendant (plaintiff in certiorari) has strongly contended in the application for certiorari that at the time the common law of England was adopted in this State (see *Flint River Steamboat Co. v. Foster,* 5 Ga. 194 (5) 48 AD 248) there was no cause of action known to the common law as alienation of affections, in the absence of adultery, abduction, harboring, or enticing the wife to separate from the husband. It is contended that if "the tort of alienation of affections has been long recognized in Georgia," as the Court of Appeals has stated in the opinion here under consideration, such recognition constitutes a usurpation of the legislative function.

In Blackstone's Commentaries (Vol. 2, p. 112) it is said: ". . . the husband is also entitled to recover damages in an action on the case against such as persuade and entice the wife to live separate from him without a sufficient cause." The case of Winsmore v. Greenbank, Willes 577, 125 Eng. Repts. 1330, was an action for enticing away the plaintiff's wife. The petition was in four counts and in the second count it was alleged that "the defendant maliciously and wickedly intending to injure the plaintiff, . . . *and to alienate the affections of the wife from the plaintiff,* . . . on the 8th of August 1742 unlawfully and unjustly persuaded procured and *enticed the said wife to depart and absent herself from the plaintiff."* (Italics ours.) In the opinion of the court it was said that "procuring" is certainly "persuading with effect," and that "the law

will never suffer an injury and a damage without a remedy."

In the full-bench decision of this court in *Pavesich v. New England Life Ins. Co.,* 122 Ga. 190, 195 (50 SE 68, 69 LRA 101, 106 ASR 104, 2 AC 561), with reference to an action based on the right of privacy, it was said in part: "While neither Sir William Blackstone nor any of the other writers on the principles of the common law have referred in terms to the right of privacy, the illustrations given by them as to what would be a violation of the absolute rights of individuals are not to be taken as exhaustive, but the language should be allowed to include any instance of a violation of such rights which is clearly within the true meaning and intent of the words used to declare the principle."

Whether or not "enticing," "procuring," or "persuading with effect" includes "alienation of affections" is not now an open question under the decisions of this court. In *Graves v. Harris,* 117 Ga. 817 (45 SE 239), decided a number of years before the Court of Appeals was created, this court recognized the validity of an action for alienation of affections, it being their held: "The plaintiff in an action for alienating the affections of his wife and inducing her to commit adultery is incompetent at the trial to testify as a witness to any fact."

In the full-bench decision of this court in *McAlpin v. Ryan,* 150 Ga. 746 (105 SE 289), this court again recognized an action for alienation of affections, and it was there held that, where an action was brought in two counts, the first for alienation of affections, and the second for alleged criminal conversation, the defendant was a competent witness on matters alleged in the first count and compellable to testify, but was not a competent witness to testify with reference to the alleged criminal conversation.

In the full-bench decision in *Sessions v. Parker,* 174 Ga. 296 (162 SE 790), this court held: "In this State a married woman who is living separate from her husband can maintain an action for damages against a third person for the alienation of her husband's affections and for the loss of her consortium." In the full-bench decision of *Tingle v. Maddox,* 186 Ga. 757, 758 (3) (198 SE 722), this court said: ". . . a married woman

may maintain an action for damages against a third person for alienation of the affections of her husband and the loss of her consortium, even though she may be living at the time with her husband."

These full-bench decisions by this court were binding on the Court of Appeals as precedents, and the Court of Appeals correctly held that: "The petition as amended was sufficient to state a cause of action against the defendant for alienation of the affections of the plaintiff's wife," when tested by general demurrer.

In division 4 of the opinion of the Court of Appeals, with reference to the special demurrers to paragraphs 9 and 12 of the petition as amended, it is stated that: "While as a general proposition the rule admittedly is that where the facts alleged are within the knowledge of the party interposing the special demurrer, the opposing party is not required to plead such facts, we feel that an exception should be made to this rule in the case of an action for alienation of affections. A great many jurisdictions have abolished this and kindred actions such as criminal conversation, seduction, and breach of promise to marry. The reasons usually assigned for the abolition of these actions are that they have afforded a fertile field for blackmail and extortion by means of manufactured suits in which the threat of publicity is used to force a settlement. Prosser on Torts, 2d Ed., § 103, p. 697."

Notwithstanding the court's apparent disapproval of the type of action here involved, it is then stated: "We hold that the petition should have alleged either the times when the secret meetings between the plaintiff's wife and the defendant took place or, as an alternative, should have alleged that the times of the meetings were *unknown to the plaintiff but were well known to the defendant.* Paragraph 9 was amended so as to remove the attack thus made up on it by alleging the latter alternative. Here paragraph 12 of the plaintiff's petition as amended charges meetings between the defendant and the plaintiff's wife at seven different places but does not charge the time or times of the meetings. We hold the time of the meetings at the places alleged should have been set forth in the petition or

alleged to be *unknown to plaintiff but well known to the defendant.*" (Italics ours.)

As to disapproval of the type of action here involved, this court in *Graves v. Harris,* 117 Ga. 817, 819, supra, stated: "In the interest of decency we refrain from a discussion of the evidence, as we have no desire to contribute more than is necessary to the unclean literature of this branch of the law. To the everlasting honor of our civilization be it said that litigation of this character has been exceedingly rare in this State, and precedent is consequently not abundant. It is to be hoped that we will not again have need of precedent on this subject."

The ruling of the Court of Appeals that the times of the secret meetings should have been alleged, or "that the times of the meetings were unknown to the plaintiff but were well known to the defendant," is not in accord with the rules of good pleading, when tested by special demurrer. Originally the plaintiff's action was one for "alienation of affections" and for "criminal conversation." The petition being in one count was thus duplicitous, as pointed out by Chief Judge Felton in his special concurrence. When the allegations as to criminal conversation were stricken by amendment, the secret meetings were alleged as a basis for the "alienation of the affections" of the plaintiff's wife. The particular character of the amended petition required that the time of the secret meeting should be specifically alleged. This requirement was not met by the allegation that they occurred between the dates of July 19, 1958, and October 10, 1959, a period of 14 months and 21 days.

The allegations that the time was unknown to the plaintiff does not meet the rule that, "Pleadings must allege facts as a basis of recovery, not ignorance of facts." *Furr v. Burns,* 124 Ga. 742, 744 (53 SE 201). In *Allen v. Gates,* 145 Ga. 652 (5) (89 SE 821), it was held: "When called upon to do so by special demurrer, the date of every traversable fact, unless some sufficient reason to the contrary is shown, should be stated." This has always been the true rule in Georgia. In *Bond v. Central Bank of Ga.,* 2 Ga. 92, 99-100, it was held: "It is certainly true that the writ must aver a time when every material or traversable fact transpires. It must allege *all* the circumstances

necessary for the support of the action, and contain a full, regular, and methodical statement of the injury which the plaintiff has sustained, and the *time* and place, with such precision, certainty and clearness, that the defendant, knowing what he is called upon to answer, may be able to plead a direct and unequivocal defense, . . ." In *Kemp v. Central of Ga. R. Co.,* 122 Ga. 559, 562 (50 SE 465), it was held: "It is always easier to allege than prove. . . If the facts do not warrant the plaintiff in stating that which would be good as against a demurrer, he can not cure the fatal defect by evidence before the jury. . . And when the defendant calls therefor, he is entitled to a full statement of time, place, circumstance, and facts the plaintiff expects to prove, so that he may prepare his defense accordingly. . . He is entitled to a statement of issuable and traversable facts; . . ." See also *Warren v. Powell,* 122 Ga. 4 (49 SE 730), (which is cited by the Court of Appeals); *City Council of Augusta v. Marks,* 124 Ga. 365 (52 SE 539); *Holman v. Bridges,* 165 Ga. 296, 299 (140 SE 886); *Brogdon v. Hogan,* 191 Ga. 647, 652 (13 SE2d 666).

The strict rules of pleading set forth in the above cases are not without exception. (See *Mu Chapter Building Fund v. Henry,* 204 Ga. 846, 51 SE2d 841, 7 ALR2d 431). Exception should not be made where, by inference and implication, the plaintiff alleges criminal acts by the defendant, in this case adultery. Where, as in the present case, the plaintiff's action rests in part upon such implied criminal acts, the averments of the petition must be specific as to such implied acts, and nothing material to the implied acts can stand on general allegations, or upon the allegation that the facts are unknown to the plaintiff but well known to the defendant. The special demurrers to paragraphs 9 and 12 of the petition as amended should have been sustained.

Except as herein set forth, the assignments of error in the petition for certiorari do not show reversible error.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Quillian, J., who dissents from the rulings in division 3 of the opinion.*

QUILLIAN, Justice, dissenting. It is with reluctance that I

dissent from the view of my learned colleagues in the well-written division numbered 3 of the majority opinion.

I am, however, constrained to the view that the allegations that the meetings of the defendant and the plaintiff's wife were at certain places between certain dates within the statute of limitation were sufficiently definite. In *Hobbs v. Holliman*, 74 Ga. App. 735 (3) (41 SE2d 332), it is held: "In the instant case, the averments in the petition to the effect that the loss of consortium, caused by the defendant's criminal conversation with and the harboring of the plaintiff's wife, occurred during the year 1945 and extended into January, 1946, at designated places and at various and sundry places unknown to the plaintiff but well known to the defendant, were sufficiently specific as against the special demurrer alleging in effect that the plaintiff failed to allege when or where the defendant had harbored or had criminal conversation with the plaintiff's wife while the plaintiff was overseas or after his return home."

The *Hobbs* case, supra, follows the case of *Ellis v. Pullman & Co.*, 95 Ga. 445 (3) (22 SE 568), where is found what I believe is a sound pronouncement of the rule of pleading: "Averments in the petition to the effect that the alleged misappropriation occurred between the 24th of October, 1892, and the 29th of August, 1893, were sufficiently specific as against a special demurrer alleging that there were 'no allegations of the time of the misappropriation.' "

Throughout this State's judicial history it has never been necessary to allege the precise date on which a particular event, plead as a matter of inducement to the cause set forth, occurred. As early as *Bond v. Central Bank of Ga.*, 2 Ga. 92, 100, we find the rule stated: "In an action . . . by the bearer of a promissory note, against the maker, the time should have been mentioned when the note was delivered. *The real day need not be stated.*" (Italics ours.)

In cases where the acts are alleged as covering a particular specified period during which a particular invasion of the plaintiff's rights occurred, as in the cases of *Page v. Virginia-Carolina Chemical Co.*, 62 Ga. App. 727 (9 SE2d 857), *Hobbs v. Holliman*, 74 Ga. App. 735, supra, *Ellis v. Pullman & Co.*, 95

Ga. 445, supra, and the case sub judice, it is not necessary to show each separate day on which the wrongful acts occurred.

Moreover, where acts of continuous thefts or seduction occur, they are more within the knowledge of the wrongdoer than the injured parties, and where they are alleged to have happened between specified dates and to be within the knowledge of the wrongdoer, the perpetrator of the wrong, when sued, is not entitled to have a special demurrer sustained calling for more specific information as to when such thefts or acts of seduction occurred. *City of Abbeville v. Eureka Fire Hose Mfg. Co.*, 177 Ga. 204 (170 SE 23), citing *Hudson v. Hudson*, 119 Ga. 637 (46 SE 874); *McElmurray v. Blodgett*, 120 Ga. 9 (47 SE 531); *Raleigh &c. R. Co. v. Pullman Co.*, 122 Ga. 700 (50 SE 1008).