## 47478. EMERSON v. FLEMING.

SUBMITTED SEPTEMBER 15, 1972—DECIDED SEPTEMBER 20, 1972.

*Wall, Parker & Campbell, Thomas R. Campbell, Jr.,* for appellant.

*William V. Hall, Jr.,* for appellee.

CLARK, Judge. ■ In Georgia a married woman who is living apart from her husband can maintain an action for damages against a third person for the alienation of her husband's affections. *Sessions v. Parker,* 174 Ga. 296 (162 SE 790); *Tingle v. Maddox,* 186 Ga. 757 (198 SE 722); *Edwards v. Monroe,* 54 Ga. App. 791 (189 SE 419); *Hosford v. Hosford,* 58 Ga. App. 188 (198 SE 289); *Kidd v. Holtzendorf,* 88 Ga. App. 360 (76 SE2d 656). The motion to dismiss averring that such action is not permissible in Georgia as against public policy was correctly overruled.

■ Appellant argues that "Under Georgia Law, in order to bring an action based upon alienation of affections, the person bringing the action is restricted to the husband." This contention is based upon the language of *Code* § 105-1203 reading: "Adultery or criminal conversation with a wife shall give a right of action to the husband." While it is true this statute specified such cause of action as being in the male spouse, this results from the influence of Blackstone's Commentaries first printed in 1765 which stated that at common law when a man and woman married they became

one and he was the one. Thus, this exact language including the common law phrase of "criminal conversation" was placed as Section 2950 in Georgia's first codification[1] and continued without change in our subsequent codes. In today's world, when women are no longer relegated to an inferior legal position and fervent feminists[2] have prevailed upon newspapers and magazines to use the modern designation of "Ms." rather than "Mrs." or "Miss," it is obvious this anachronism presently codified as § 105-1203 cannot deny the wife an equal right to sue for tortious interference with the marital relationship. In fact, our appellate courts have not needed the prod of the Women's Liberation movement because all of the cases cited in the first division of this opinion were instances in which the wife was acknowledged to possess that same legal right prior to the current egalitarian effort epitomized in the proposed Twenty-seventh Federal Constitutional Amendment: "Equality of rights under the law shall not be denied by the United States or by any state on account of sex."

As was said in *Wright v. Lester,* 105 Ga. App. 107, 111 (123 SE2d 672), "The tort of alienation of affections has long been recognized in Georgia." Upon certiorari of that case to the Supreme Court with appellant contending that such statement "constitutes a usurpation of the legislative function," this portion of the opinion was affirmed. *Wright v. Lester,* 218 Ga. 31 (126 SE2d 419). Where established case law has recognized the existence of a legal right, the abolition thereof, if desired, is a matter for legislative enactment by the General Assembly. *Henry Grady Hotel Co. v. Sturgess,* 70 Ga. App. 379 (28 SE2d 329); *Best v. State,* 109 Ga. App. 553 (136 SE2d 496); *Hyde v. Atlantic Steel*

[1]Called "The Code of 1863," it was actually adopted in 1860. Clark, "The History of the First Georgia Code," 7 Ga. Bar Assn. Reports 144 (1890).

[2]Some extremists "are protesting that in poker, for example, two kings should not beat two queens," says *Time* magazine at page 8 of its issue of August 21, 1972.

Co., 112 Ga. App. 136 (144 SE2d 232); *Stovall & Co. v. Tate,* 124 Ga. App. 605 (184 SE2d 834).

■ The other enumeration of error complains of the trial judge having overruled a defense motion for more definite statement under Paragraph (e) of *Code Ann.* § 81A-112. Seeking specificity as to various allegations, appellant cites decisions dealing with special demurrers prior to the Civil Practice Act of 1966 in which the courts required details to be pleaded in cases of this type because of their nature. In his article on our Civil Practice Act by its principal architect, E. Freeman Leverett, appearing in 3 Ga. State Bar Jour. 295, 299, said: "Paragraphs (e) and (f) [of § 81A-112] contain the only vestige of the much abused special demurrer long known to Georgia practice. The test of a special demurrer and a motion for more definite statement is vastly different, however. A special demurrer lies to make the plaintiff set out the facts more fully *so as to enable the defendant to prepare his defense.* Georgia Procedure and Practice § 9-5. A motion for more definite statement, however, lies only when the pleading is so indefinite that the defendant is unable to frame an answer thereto, and only with respect to a pleading to which another responsive pleading must be filed. 2 Moore, Federal Practice, par. 12.18 (1), at 2303."

The applicable principle is succinctly stated in the hornbook series book by Charles Alan Wright entitled "Law of Federal Courts" (2d Ed. 1970) in Section 66, p. 277: "Another disfavored motion is the motion for a more definite statement... If the pleading is sufficiently definite that the opponent can reply to it, the motion for more definite statement should be denied and any particulars that the opponent needs to prepare for trial obtained by depositions, interrogatories, and similar discovery procedures." The trial judge correctly followed this rule in overruling the motion seeking particulars.

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*