303 A.2d 757.

PHYLLIS WESTERMAN *vs.* JACK WESTERMAN.

APRIL 18, 1973.

PRESENT: Roberts, C. J., Paolino, Joslin and Kelleher, JJ.

PAOLINO, J. This civil action for alienation of affections was brought by a wife against her husband's brother. It was heard before a justice of the Superior Court sitting with a jury. At the close of the plaintiff's case the trial justice granted the defendant's motion for a directed verdict. The case is before us on the plaintiff's appeal. She challenges the ruling granting the directed verdict and certain evidentiary rulings made during the trial.

The facts are relatively simple and require no elaborate discussion. The only witnesses were plaintiff and her minor daughter. The plaintiff's testimony described in some detail the relationship which existed between herself and her husband and defendant. She tried to get into evidence certain statements which she said were made by defendant to her husband concerning what a third party had told defendant about plaintiff.

In passing on the motion for a directed verdict the trial justice noted that he was familiar with the rule governing a trial justice in passing on such a motion. He found that the testimony presented by plaintiff, even if believed and viewed in the light most favorable to her, did not establish that any of the alleged statements of defendant, even if true, were the proximate cause of plaintiff's loss, if any, of her husband's affections. In short, he found that there was no evidence that any of the statements allegedly made by defendant caused plaintiff to lose her husband's affections. He summarized his finding on this issue in the following words:

> "What's lacking here is any evidence relating to proximate cause as whether or not the alienation, if an

alienation did occur of this type, if it was caused by these alleged statements, if in fact the statements were made. The Court finds that the evidence does not meet the criteria of prima facie case * * *."

We consider first plaintiff's contention that the trial justice erred in granting defendant's motion for a directed verdict. In passing on such a motion, the trial justice must view the evidence in the light most favorable to the non-moving party without weighing it or passing on its credibility, and if the evidence is reasonably open to different conclusions, he should deny the motion. *Morrarty* v. *Reali*, 100 R. I. 689, 695, 219 A.2d 404, 407-08 (1966). In reviewing the trial justice's decision on such a motion this court is bound by the same rules which govern the trial justice. *Dawson* v. *Rhode Island Auditorium, Inc.*, 104 R. I. 116, 242 A.2d 407 (1968).

In an action for alienation of affections, if it be shown that plaintiff has lost the affections of his spouse, the burden is on him to show that they were alienated from him by wrongful acts or conduct of defendant. *Jordan* v. *Greene*, 99 A. 82 (R. I. 1916). The trial justice's decision on the motion for a directed verdict, when viewed in the context of the testimony presented by plaintiff under the rules governing this court, leads inescapably to the conclusion that the trial justice correctly found that defendant's alleged acts and statements, even if true, were not the proximate cause of plaintiff's loss, if any, of her husband's affections. We agree that the plaintiff has failed to establish the essential nexus between the remarks allegedly made by the defendant to his brother and the estrangement between plaintiff and her husband.

In view of this conclusion we do not reach the objections to the evidentiary rulings.

The judgment is affirmed.

Mr. Justice Doris did not participate.

*John A. O'Neill, Jr.,* for plaintiff.

*Edwards & Angell, Gerald W. Harrington,* for defendant.