## 63672. ARNAC v. WRIGHT.

QUILLIAN, Chief Judge.

Plaintiff appeals from the grant of a motion for summary judgment for the defendant Dr. D. A. Wright. *Held:*

Plaintiff, Gary L. Arnac, brought this action against Dr. Wright alleging he "intentionally interfered with and maliciously procured the breach of [Arnac's marriage] contract . . ." The complaint stated that defendant "debauched and seduced the plaintiff's wife for the purpose of intending to cause plaintiff's wife to breach her marriage partnership contract . . . to satisfy [Dr. Wright's] own lustful appetite by inducing her to submit to illicit relations and salacious acts with him . . . That the aforesaid acts on the part of the defendant . . . estranged the affections of [plaintiff's] wife . . ."

Defendant filed a motion for judgment on the pleadings alleging Code Ann. § 105-1203 (Ga. L. 1979, pp. 466, 496, eff. April 4, 1979) abolished ex delicto actions for adultery, alienation of affections, or criminal conversation, and Arnac was disguising his action alleging tortious interference with the "marital contract" and was attempting to circumvent the proscription of the statute by doing indirectly that

which the statute forbade him from doing directly. We agree.

Marriage is generally regarded as a form of civil contract which creates a status of the parties of public interest and concern, and is sanctioned and encouraged by the State. See generally 20 EGL 226, Marriage, § 2.

Blackstone found only three types of injury to the marital relationship: 1) abduction, or taking away a man's wife (which has now evolved into alienation of affection actions); 2) adultery (now also known as criminal conversation); and 3) beating or otherwise abusing the wife. 1 Harper & James, The Law of Torts 609, § 8.3. However, at common law only two types of action were recognized — enticing a wife, and seduction. The former action is now known as alienation of affections, and the latter as adultery or criminal conversation. 41 AmJur2d, Husband & Wife, § 463. The Restatement of the Law (Second), Torts (Second) addresses three forms of action: § 683, alienation of affections; § 684, causing one spouse to separate from or refuse to return to a spouse; and § 685, criminal conversation with one's spouse. Prosser's treatise on Torts describes only three forms of interference with the marriage relationship: 1) abduction, enticement or harboring of a wife (now called consortium); 2) adultery — "a form of trespass;" and 3) alienation of affections. Prosser, Law of Torts (4th Ed.) pp. 874-5, § 124. Professor Prosser found "no good reason for distinguishing them. They represent three forms of interference with aspects of the same relational interest, and of course all three may be present in the same case." Id. at 876. He found the basis of liability for all three to be "interference with the marriage relation." Id. at 877. In our review of these authorities we found no basis for tort action founded solely on interference with the marriage contract.

Apparently, our Legislature also found adultery, alienation of affections, and criminal conversation, to be of the same genus for they combined them under one statute abolishing such actions. Code Ann. § 105-1203. The basis of those actions was found, by this Court, to be "the loss of 'consortium,' which is a property right growing out of the marriage relationship, and includes the exclusive right to the services of the spouse and to the society, companionship, and conjugal affection of each other." *Hobbs v. Holliman,* 74 Ga. App. 735, 739 (41 SE2d 332); *Wright v. Lester,* 105 Ga. App. 107, 119 (123 SE2d 672); *Wright v. Lester,* 218 Ga. 31 (1) (126 SE2d 419); 20 EGL 252, Marriage, §§ 30, 31. Such right of consortium arises solely from the marriage relation. See 41 CJS 402, Husband & Wife, § 11; 41 AmJur2d 373, Husband & Wife, § 447. Hence, plaintiff has not found a different basis for his action but merely found another name for it. It is basic law in Georgia that we do not judge pleadings by their

nomenclature but by their content and function. *Frost v. Frost,* 235 Ga. 672, 674 (221 SE2d 567); *Bank of Cumming v. Moseley,* 243 Ga. 858, 859 (257 SE2d 278); *Cotton v. Federal Land Bank,* 246 Ga. 188, 191 (269 SE2d 422). A review of the complaint shows allegations of "seduction," "illicit relations," and "estranged . . . affections," which is synonymous with and the equivalent of pleading adultery, criminal conversation, and alienation of affections. Stated another way, without the marriage contract no husband could bring an action based upon adultery, alienation of a wife's affections, or criminal conversation. All are inextricably intertwined.

We have found only one case which addressed a similar problem, an allegation of " 'intentional interference' by defendants with plaintiff's 'marital contract and marital relations.' " In that case, Norris v. Moskin Stores, Inc., 132 S2d 321 (Ala. 1961), the court held: "alleged interference with marital contract and marital relation constituted alienation of affection, within statute prohibiting actions for alienation of affections." We agree. It is impossible to have an action based on adultery, alienation of a wife's affections, or criminal conversation, without a prior marriage contract. And, when the legislature abolished the former, it included by implication — the latter.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED JUNE 16, 1982 —
REHEARING DENIED JULY 12, 1982 — 

*Joseph B. Bergen,* for appellant.
*I. Gregory Hodges, William P. Franklin, Jr.,* for appellee.