The appellant would have us create a cause of action for tortious interference with a marital contract. We see no reason to reopen an avenue to litigation that the Legislature, in its wisdom, closed in 1935 by enactment of a statute codified at Code 1975, § 6-5-331.
We affirm the judgment dismissing the case and adopt the following language from Arnac v. Wright, 163 Ga. App. 33,292 S.E.2d 440, 442 (1982):
 "A review of the complaint shows allegations of 'seduction,' 'illicit relations,' and 'estranged . . . affections,' which [are] synonymous with and the equivalent of pleading adultery, criminal conversation, and alienation of affections. Stated another way, without the marriage contract no husband could bring an action based upon adultery, alienation of a wife's affections, or criminal conversation. All are inextricably intertwined.
". . .
 It is impossible to have an action based on adultery, alienation of a wife's affections, or criminal conversation, without a prior marriage contract. And when the legislature abolished the former, it included by implication [an action based on] the latter."
See, also, Norris v. Moskin Stores, Inc., 272 Ala. 174,132 So.2d 321 (1961).
AFFIRMED.
TORBERT, C.J., and JONES, SHORES, ADAMS and STEAGALL, JJ., concur.