600 So.2d 219 (1992)
D.D.
v.
C.L.D. and T.K.J., III.
1901989.
Supreme Court of Alabama.
April 17, 1992.
Rehearing Denied June 12, 1992.
*220 James L. Shores and Deidre W. Lee, Fairhope, and Sharon R. Hoiles, Robertsdale, for appellant.
Patrick H. Sims of Cabaniss, Johnston, Gardner, Dumas & O'Neal, Mobile, for appellee C.L.D.
Charles J. Fleming and Frank McRight, Mobile, for appellee T.K.J., III.
HOUSTON, Justice.
The plaintiff, D.D. ("the husband"), appeals from a summary judgment for the defendants, C.L.D. ("the wife") and T.K.J., III ("the third party"), in this action seeking damages from the wife based on a claim of abuse of process, and from the third party on claims of abuse of process, invasion of privacy, negligence, wantonness, and intentional infliction of emotional distress. We affirm.
The following material facts gave rise to the claims now under review: While married, the wife began having sexual relations with the third party. A child was born to the wife shortly thereafter. The husband, who eventually learned of this affair, as well as the possibility that he might not be the child's biological father, made a futile attempt to save his marriage. At one point, the husband, the wife, and the third party were all receiving counseling from mental health professionals in an attempt to sort through the emotional complexities of this love triangle. In spite of the husband's efforts to stop the affair, the wife and the third party remained in contact with each other, refusing to terminate their relationship. Subsequently, the wife and the third party had blood tests performed on the child, and those tests indicated that the third party was the child's biological father. The wife ultimately sued the husband for a divorce, alleging that the child was "born of the marriage" and seeking custody of the child. The husband, who also sought custody of the child, initially refused to admit or deny paternity and filed a counterclaim against the wife seeking damages for abuse of process, based on allegations that the wife had conspired with the third party to use the divorce action in an attempt to falsely establish paternity in the husband for the purpose of collecting support for the child from the husband. The wife later amended her complaint, alleging that the third party, not the husband, was the biological father of the child and seeking a judicial determination that the third party was the child's biological father. The husband subsequently amended his counterclaim, alleging that the wife had conspired with the third party to improperly use the divorce action for the purpose of "depriving him of his... constitutionally protected liberty interest in his relationship with [the child]." The husband eventually claimed to be the child's biological father. The husband also *221 sued the third party seeking damages for abuse of process, invasion of privacy, negligence, wantonness, and the intentional infliction of emotional distress, based on allegations that the third party had interfered with and caused the dissolution of his marriage. The trial court severed the husband's damages claims and appointed a guardian ad litem to represent the child in the divorce action. The guardian filed a separate paternity action against the husband, the wife, and the third party, pursuant to the Alabama Uniform Parentage Act, Ala.Code 1975, § 26-17-1 et seq.; the divorce action and the paternity action were consolidated. In the divorce action, the trial court found that the wife had presented clear and convincing evidence to rebut the legal presumption that the husband was the father. The husband was subsequently dismissed from the paternity action. In the paternity action, the trial court found that the third party was the child's biological father, and entered a judgment requiring him to provide for the support and maintenance of the child. This appeal concerns only the summary judgment entered for the wife and the third party on the husband's damages claims.
In his counterclaim, the husband alleged that the wife had sued him for a divorce, in part, for the purpose of "depriving him of his ... constitutionally protected liberty interest in his relationship with [the child]" and that her use of the divorce action for that purpose constituted an abuse of process.[1] Abuse of process implies the malicious and wrongful use of process regularly and rightfully issued; it is the malicious perversion of a regularly issued process to accomplish a purpose whereby a result not lawfully or properly obtainable under it is secured. Caine v. American Life Assurance Corp., 554 So.2d 962 (Ala.1989). See, also, Dardess v. Blasingame, 585 So.2d 8, 10 (Ala.1991), where this Court recently summarized the elements of a claim of abuse of process as follows:
"The elements of an action for abuse of process are: 1) malice; 2) the existence of an ulterior purpose; 3) an act in the use of process not proper in the regular prosecution of the proceedings; and 4) lack of probable cause."
The facts in this case show that the wife properly invoked the jurisdiction of the trial court for the purpose of dissolving her marriage and adjudicating the custody and paternity issues with respect to her child. Although the husband may disagree with the trial court's determination as to the child's paternity,[2] the record does not support the husband's abuse of process claim against the wife. A divorce action wherein the paternity of a child born during the marriage is an issue, as it was in this case, is a proper proceeding for the adjudication of that child's paternity, provided that the child is represented by a guardian ad litem, as the child in this case was. See Ex parte L.F.B., 599 So.2d 1179 (Ala.1992). Accordingly, the summary judgment for the wife on the husband's abuse of process claim is due to be affirmed. Rule 56, Ala.R.Civ.P.
The husband's claims against the third party are all based on allegations that he suffered physical illness and mental distress as a result of the third party's interference with his marriage. Specifically, the abuse of process claim is based on allegations that the third party conspired with the wife to use the divorce action to establish that the husband was not the biological father of the child for the purpose *222 of "depriving him of his ... constitutionally protected liberty interest in his relationship with [the child]"[3]; the invasion of privacy claim is based on allegations that the third party "made repeated telephone calls to [the husband and wife's] residence for the purpose of interfering with [the husband's] effort to preserve the integrity of his family"; the negligence and wantonness claims are based on allegations that the third party, after being told by his psychotherapist that his relationship with the wife was detrimental to the husband's physical and mental well-being, "persisted and continued to contact [the husband and wife's home]"; and the claim alleging intentional infliction of emotional distress is based on allegations that the third party undertook and pursued a "sustained course of conduct to disrupt and destroy the integrity of [the husband's] family ... 1) by refusing [the husband's request] that he stop seeing and contacting [the wife and persisting in] his meetings and telephone conversations with [the wife,] while falsely representing to [the husband] ... that his purpose for continuing the relationship with [the wife] was ... to see if [the third party and the husband] could keep [their respective] family units together ... 2) by having clandestine meetings with [the wife] in shopping center parking lots, public parks and other places ... 3) by telephoning and otherwise making contact with [the wife without the husband's knowledge] ... 4) by [threatening] to [get a] divorce and [to marry the wife] if [the husband interfered with his relationship with the wife]... 5) by secretly ... having genetic blood tests performed on himself, on [the wife], and on the child ... 6) by lying to [the husband as to whether blood tests had been performed] ... 7) by concealing from [the husband] his licentious relationship with [the wife] and the possibility [that] he [the third party] was [the child's] biological father ... and 8) by surreptitiously forming [a partnership] with the wife ... to conceal [the fact that he had purchased a house for her]."
The husband contends that the summary judgment for the third party was improper because, he argues, each of his claims is cognizable in a court of law and is supported by sufficient evidence to require its submission to a jury. The third party argues, and the trial court ruled, that all of the husband's claims are barred by Ala. Code 1975, § 6-5-331, which bars, among other claims, all civil damages claims based on alienation of affections.[4] We agree.
An action alleging alienation of affections is based on the marriage relationship; it involves the loss of consortium between spouses due to the wrongful acts of another in interfering with the marriage. Alienation of affections is the robbing of the husband or the wife of the conjugal affection, society, fellowship, and comfort that inhere in the normal marriage relationship. Young v. Young, 236 Ala. 627, 184 So. 187 (1938). The gist of an alienation of affections action is the intentional or purposeful alienation of affections of one spouse from the other. The damage, if any, arises out of the loss of consortium and is a direct result of the interference with the marriage relationship. Norris v. Moskin Stores, Inc., 272 Ala. 174, 132 So.2d 321 (1961).
As previously noted, all of the husband's claims, although characterized as claims of abuse of process, invasion of privacy, negligence, wantonness, and the intentional infliction of emotional distress, are based on allegations that he is entitled to damages as a result of the third party's interference with his marriage. After carefully reviewing the complaint, we agree with the trial court that each of the *223 husband's claims against the third party is, in effect, one alleging alienation of affections and, therefore, that each is barred by § 6-5-331. See Howton v. Avery, 511 So.2d 173, 174 (Ala.1987), where this Court affirmed the dismissal of the plaintiff's action, stating, in part, as follows:
"The appellant would have us create a cause of action for tortious interference with a marital contract. We see no reason to reopen an avenue to litigation that the Legislature, in its wisdom, closed in 1935 by enactment of a statute codified at Code 1975, § 6-5-331.
"We affirm the judgment dismissing the case and adopt the following language from Arnac v. Wright, 163 Ga. App. 33, 292 S.E.2d 440, 442 (1982):
"`A review of the complaint shows allegations of "seduction," "illicit relations," and "estranged ... affections," which [are] synonymous with and the equivalent of pleading adultery, criminal conversation, and alienation of affections. Stated another way, without the marriage contract no husband could bring an action based upon adultery, alienation of a wife's affections, or criminal conversation. All are inextricably intertwined.
"`. . . .
"`... It is impossible to have an action based on adultery, alienation of a wife's affections, or criminal conversation, without a prior marriage contract. And when the Legislature abolished the former, it included by implication [an action based on] the latter.'
"See, also, Norris v. Moskin Stores, Inc., 272 Ala. 174, 132 So.2d 321 (1961)."[5]
For the foregoing reasons, the summary judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, STEAGALL, KENNEDY and INGRAM, JJ., concur.
SHORES, J., recused.
NOTES
[1] As previously noted, the husband also alleged that the wife had conspired with the third party to use the divorce action in an attempt to falsely establish paternity on the part of the husband and, thereby, to collect support for the child from the husband. Whether the summary judgment was proper with regard to this aspect of the husband's abuse of process claim against the wife is not an issue on this appeal. See Ex parte Riley, 464 So.2d 92 (Ala.1985) (issues not argued in brief on appeal are deemed to be waived).
[2] The Court of Civil Appeals affirmed the trial court's judgment as to the paternity of the child. See D.D. v. C.L.D., 600 So.2d 265 (Ala.Civ.App. 1991). After granting a writ of certiorari and reviewing the judgment of the Court of Civil Appeals, pursuant to the husband's petition for certiorari review, we quashed the writ as improvidently granted. See Ex parte D.D., [Ms. 1910357, April 10, 1992].
[3] The husband's abuse of process claim against the third party was also based on allegations that the third party had conspired with the wife to use the divorce action in an attempt to establish paternity on the part of the husband and, thereby, to collect support for the child from the husband. Whether the summary judgment was proper with regard to this aspect of the husband's abuse of process claim against the third party is not an issue on this appeal. Ex parte Riley, 464 So.2d 92 (Ala.1985) (issues not argued in brief on appeal are deemed to be waived). See n. 1.
[4] The constitutionality of § 6-5-331 is not an issue on this appeal.
[5] We note that the present case is distinguishable from Henley v. Rockett, 243 Ala. 172, 176, 8 So.2d 852, 855 (1942), where a woman was enjoined from alienating the affections of the plaintiff's husband. This Court affirmed, stating, in part, as follows:

"Actions at law for damages for alienation of affections or criminal conversation have been abolished by statute in Alabama. Title 7, § 115, Code of 1940 [predecessor to § 6-5-331]. The legislative policy of this act was discussed in Young v. Young, 236 Ala. 627, 184 So. 187.
"We do not think it condones in any way the grievous wrongs of such course of conduct, nor strikes down any other remedy, legal or equitable. See Constitution of Alabama, Article I, Section 13." (Emphasis added.)
In Henley, this Court held that an action for injunctive relief only was not barred by what is now § 6-5-331. In the present case, the husband sought to recover damages from the third party based on allegations that the third party had interfered with his marriage and, thereby, had caused the breakup of his marriage. Although he characterized his claims as claims of abuse of process, invasion of privacy etc., each of the husband's claims is, in effect, one seeking damages for the alienation of the wife's affections. As this Court recognized in Howton v. Avery, supra, any claim for damages against a third party, no matter how denominated, that is based on allegations of interference with the marriage relationship is barred by § 6-5-331.