JOHN S. SPEER III, APPELLANT, V. M. DAVID DEALY, APPELLEE.

495 N.W.2d 911

Filed February 26, 1993.    No. S-90-359.

Mark J. Milone, of Schmid, Mooney & Frederick, P.C., Mark S. Cohen, and, on brief, Charles I. Scudder, Jr., for appellant.

Edward D. Hotz and Edith T. Peebles, of Zweiback, Hotz & Lamberty, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, SHANAHAN, and FAHRNBRUCH, JJ., and HOWARD, D.J., Retired.

HOWARD, D.J., Retired.

This is an appeal from the dismissal of the plaintiff's petition following the sustaining of a general demurrer. The plaintiff, John S. Speer III, had alleged two causes of action, intentional interference with contract and intentional infliction of emotional distress, based on the following allegations:

The plaintiff married Jolynne Speer on March 1, 1983. The plaintiff and his wife were employees of the Union Pacific Railroad, and the defendant, M. David Dealy, was an executive officer of the railroad with supervisory status over the plaintiff and his wife.

On January 10, 1989, and continuing thereafter, the

defendant began sending the plaintiff's wife flowers, money, and other gifts. He also began arranging business trips upon which the plaintiff's wife accompanied him. It was at approximately this time that the alleged affair between the defendant and the plaintiff's wife began.

Solely because and as a direct result of the defendant's actions and the extramarital affair, the plaintiff and his wife experienced marital difficulties. The two separated, with the plaintiff's wife establishing a separate household, and the plaintiff's standard of living was thereby reduced by the loss of his wife's income. He claims lost income tax benefits, moving expenses, child-care expenses, and counseling expenses and claims that as a result of the defendant's actions, he was deprived of the benefit of his spouse's services, comfort, society, companionship, and consortium, all to his general damage.

The plaintiff additionally asserts that, unaware of the defendant's involvement with his wife, he turned to the defendant for advice on his marital difficulties. The defendant gave comforting advice.

On August 15, 1989, the affair between the defendant and the plaintiff's wife was revealed. As a result, the plaintiff suffered severe emotional distress, depression, and suicidal preoccupation, all of which required his hospitalization. He has required psychiatric and psychological counseling, which will continue. His children have required individual and family counseling.

The assignments of error may be summarized as contending that the court erred in finding that the plaintiff's claims were essentially for criminal conversation and alienation of affections. Neb. Rev. Stat. § 25-21,188 (Reissue 1989) provides: "No cause of action for (1) alienation of affections or (2) criminal conversation shall be allowed to commence after January 9, 1986."

"In reviewing an order sustaining a demurrer, an appellate court accepts the truth of facts well pled and the factual and legal inferences which may reasonably be deduced from such facts, but does not accept conclusions of the pleader." *Balfany v. Balfany*, 239 Neb. 391, 392, 476 N.W.2d 681, 683 (1991).

For his first theory of recovery, the plaintiff alleged interference with contract. It is evident from the plaintiff's petition that the damages he seeks for this first cause of action stem from loss of consortium with his wife. Although the plaintiff's first theory of recovery is characterized as an action for tortious interference with a marital contract, it is, in essence, one for alienation of affections and is barred by § 25-21,188. Courts in a number of jurisdictions have addressed this situation and have so held.

Typical of these cases is *Pickering v. Pickering*, 434 N.W.2d 758 (S.D. 1989), where a wife became romantically involved with her coworker. A suit claiming alienation of affections, tortious interference with a marital contract, and intentional infliction of emotional distress was brought by her husband against both the wife and the coworker. The wife and the coworker claimed that the nature of the interference with contract complaint was one for alienation of affections, which the court had already dealt with. The court held:

> [The husband] invokes an analogy to an action for intentional interference with the performance of a contract in a commercial setting. We believe that the cause expressed is more accurately characterized as one for alienation of affections. . . .
>
> We find no South Dakota case that has held the tort of intentional interference with a contract to be available as a cause of action in situations arising out of a marital relationship and further note that other courts have also refused to recognize this cause of action in similar settings. *See Howton v. Avery*, 511 So.2d 173 (Ala.1987) . . . *Arnac v. Wright*, 163 Ga.App. 33, 292 S.E.2d 440 (1982); *Kunau v. Pillers, Pillers & Pillers, P.C.*, 404 N.W.2d 573 (Iowa App.1987). Those courts held the actions alleging tortious interference with a marital contract were really actions for alienation of affections, a tort which had been abolished in their respective jurisdictions. The courts refused to allow these attempts to circumvent the judicially or legislatively abolished causes of action by disguising the suits as other types of torts.

434 N.W.2d at 762.

Another such case is *Weaver v. Union Carbide Corp.*, 180 W. Va. 556, 378 S.E.2d 105 (1989). There, a husband seeking counseling became romantically involved with his counselor. His wife subsequently brought suit against the counselor based on a claim of intentional interference with the marital relationship. The court held:

> We must look to the substance of the plaintiff's complaint and not merely to its form. It is clear that the plaintiff seeks only damages that relate to the impairment of her marriage and to her eventual divorce. . . . To allow her suit would also run counter to the policies underlying the legislative abolition of suits for alienation of affections.
>
> . . . The claim for intentional interference with the marital relationship is, in its essence, one for alienation of affections and is barred by W.Va.Code, 56-3-2a.

180 W. Va. at 560, 378 S.E.2d at 109.

For his second theory of recovery, the plaintiff in this case alleged intentional infliction of emotional distress. This court set forth the elements of intentional infliction of emotional distress in *Dale v. Thomas Funeral Home*, 237 Neb. 528, 531, 466 N.W.2d 805, 807-08 (1991), as follows:

> The elements of a cause of action for intentional infliction of emotional distress are (1) the defendant's intentional or reckless conduct (2) which is so outrageous and so extreme that the conduct goes beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized community and (3) which causes emotional distress so severe that no reasonable person is expected to endure that severe emotional distress.

In support of his claim, the plaintiff here relies on the same facts as in his first theory of recovery. Specifically, he alleges that the defendant used his supervisory position at Union Pacific to arrange business trips for himself and the plaintiff's wife; that the defendant sent her various gifts; that marital discord ensued; that the defendant hid his relationship from the plaintiff and acted in such a way as to make the plaintiff think he was befriending him; and that the plaintiff's discovery of the relationship between the defendant and his wife caused him to require hospitalization and psychiatric treatment, which will

continue into the future. The plaintiff asked for special damages for his hospitalization and psychiatric treatment as well as general damages in this second cause of action.

The problem here, as with the plaintiff's first cause of action, is that he is alleging nothing which would distinguish this claim from one for alienation of affections or criminal conversation. As set forth earlier, claims for alienation of affections and criminal conversation have been abolished in this state by statute.

As stated in a comment by Christopher J. Whitesell, *Loss of Consortium and Intentional Infliction of Emotional Distress: Alternative Theories to Alienation of Affections*, 67 Iowa L. Rev. 859, 876 (1982), "The approach adopted by most jurisdictions that have addressed the issue of allowing emotional distress actions to substitute for alienation claims has been that of the New York Court of Appeals in *Weicker v. Weicker*," 22 N.Y.2d 8, 237 N.E.2d 876, 290 N.Y.S.2d 732 (1968). In *Weicker*, the plaintiff's husband obtained an illegal Mexican divorce, remarried, and held another woman out as his wife. The plaintiff sued her husband and the other woman for damages for mental pain and suffering, humiliation, and other relief. The New York Court of Appeals held that even if the law permitted recovery for intentional infliction of emotional distress " 'without proof of the breach of any duty other than the duty to refrain from inflicting it,' " strong policy considerations weighed against applying this area of the law to a dispute arising from matrimonial differences. *Id.* at 11, 237 N.E.2d at 876, 290 N.Y.S.2d at 733. The court reasoned that "[t]o sustain the claim for damages would result in a revival of evils not unlike those which prompted the Legislature in 1935 to outlaw actions for alienation of affections and criminal conversation." *Id.* at 11, 237 N.E.2d at 877, 290 N.Y.S.2d at 734.

The Supreme Court of South Dakota took the same approach when it addressed a similar issue in *Pickering v. Pickering*, 434 N.W.2d 758 (S.D. 1989). In *Pickering*, the plaintiff brought an action against his estranged wife and her coworker, alleging, among other things, intentional infliction of emotional distress. The claim was based upon the wife's

affair with the coworker and her pregnancy that resulted therefrom. The South Dakota court, in a concise holding, stated: "We believe the tort of intentional infliction of emotional distress should be unavailable as a matter of public policy when it is predicated on conduct which leads to the dissolution of marriage." *Id*. at 761.

The Supreme Court of Wisconsin so held in *Koestler v. Pollard*, 162 Wis. 2d 797, 471 N.W.2d 7 (1991), where a husband brought an action against the biological father of his wife's child. The plaintiff sought damages for the intentional infliction of emotional distress, alleging that the defendant had intentionally concealed the child's paternity. The court found that while the plaintiff pled facts beyond those required for criminal conversation, the cause of action "flow[ed] directly from the facts constituting criminal conversation." *Id*. at 803, 471 N.W.2d at 9.

The Supreme Court of Ohio has also so held. In *Strock v. Pressnell*, 38 Ohio St. 3d 207, 527 N.E.2d 1235 (1988), the plaintiff claimed intentional infliction of emotional distress because of the defendant's affair with the plaintiff's wife. The defendant was a minister who was providing marriage counseling services to the plaintiff and his wife. The court opined:

> In recognizing the independent tort of intentional infliction of emotional distress, we did not intend to revive the abolished torts of alienation of affections and criminal conversation. We believe the General Assembly intended to eliminate these common-law actions regardless of the title they are given or the severity of the alleged misconduct.
>
> . . . .
>
> Therefore, we hold that the torts of alienation of affections and criminal conversation, which were abolished by R.C. 2305.29, are not revived by the recognition of the independent tort of intentional infliction of emotional distress.

38 Ohio St. 3d at 215-16, 527 N.E.2d at 1242-43.

Neither theory of recovery survives § 25-21,188, and the dismissal must be affirmed.

AFFIRMED.

CAPORALE, J., not participating.

WHITE, J., concurring.

A cause of action in our law is a set of facts for which the law affords relief. *First Nat. Bank of Omaha v. State*, 241 Neb. 267, 488 N.W.2d 343 (1992). A cause of action is not the legal theory which seeks to justify the relief sought. The Legislature has abolished causes of action for alienation of affection and criminal conversation. See Neb. Rev. Stat. § 25-21,188 (Reissue 1989). Therefore, however described, the conduct complained of is no longer grounds for relief.

SHANAHAN and FAHRNBRUCH, JJ., join in this concurrence.