[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This action arises out of an alleged adulterous relationship between plaintiff's wife and the defendant. Plaintiff John Timmann has brought a civil suit against defendant John Corvese alleging: (1) tortious interference with the marital contract; and (2) adultery. Plaintiff seeks compensatory damages (for economic, physical and emotional injury, including loss of consortium to his wife) as well as punitive damages.
Defendant has moved to dismiss the complaint pursuant to R.I. Super. Ct. R. 12(b)(6) for failure to state a claim upon which relief may be granted. He argues that plaintiff has brought, in essence, an alienation of affections suit which is no longer recognized in Rhode Island. He contends that the causes of action asserted by plaintiff were abolished in 1985 by the Rhode Island General Assembly, pursuant to R.I. Gen. Laws § 9-1-42 (statute abolishes causes of action for alienation of affections, criminal conversation and seduction). Defendant has sought sanctions against plaintiff under R.I. Super. Ct. R. Civ. P. 11 and R.I. Gen. Laws § 9-29-2 for bringing a suit designed to harass the defendant.
Plaintiff counters that it has not brought suit for alienation of affections but instead has alleged the separate and distinct tort of intentional interference with a marital contract. In addition, plaintiff argues that he is not asserting a claim for criminal conversation but instead seeks to impose statutory civil liability on the defendant for the crime of adultery, pursuant to R.I. Gen. Laws § 9-1-2 (civil liability for crimes and offenses). Plaintiff contends, therefore, that the causes of action he asserts are not within the categories of torts abolished by the legislature in 1985 and that, accordingly, there is no basis upon which to dismiss his complaint.
This case presents an issue of first impression. The Court must decide whether this jurisdiction recognizes the tort of intentional interference with a marital contract and a cause of action for civil liability for adultery pursuant to R.I. Gen. Laws § 9-1-2, notwithstanding the abolition of marital torts in R.I. Gen. Laws § 9-1-42. Resolution of these questions requires an examination of the history of causes of action for tortious interference with the marital relationship and adultery and an analysis of the Rhode Island statute abolishing, inter alia,
the torts of alienation of affections and criminal conversation.
At Rhode Island common law, there existed two primary causes of action for tortious interference with a marital relationship: alienation of affections and criminal conversation. Seegenerally Rhode Island Practice Series, Tort Law andPersonal Injury §§ 531-33 (1990). The Rhode Island Supreme Court first recognized the existence of a cause of action for alienation of affections in 1902. McGarr v. National Providence Worsted Mills, 24 R.I. 447, 53 A. 320 (1902). To prove this tort, a plaintiff had to show: (1) intentional conduct on the part of the defendant to alienate the plaintiff from his or her spouse; (2) loss of his or her spouse's affection and consortium; and (3) the causal connection between the defendant's conduct and such loss of affections. Westerman v. Westerman,111 R.I. 412, 303 A.2d 757 (1973); see generally Restatement (Second) of Torts § 683 (1979). An aggrieved spouse generally was not required to show an act of adultery to recover under this tort, but merely that the defendant's intentional actions altered the spouse's mental and conjugal kindness toward the plaintiff, as evidenced by some external conduct of the spouse's changed attitude. Id.
A civil cause of action based on an act of adultery was known as criminal conversation. An aggrieved spouse could impose liability on a third person upon proof that the person engaged in sexual relations with the aggrieved spouse's partner without the consent of the aggrieved spouse. Restatement (Second) of Torts § 683; see, e.g., Zarella v. Robinson, 460 A.2d 415 (R.I. 1983). Causes of action for abduction (the intentional act of compelling a spouse to be asunder involuntarily from the other spouse) and seduction (an intentional act of persuading one spouse to voluntarily separate from the other spouse) also were recognized at common law. See Restatement (Second) of Torts § 684.
In 1985, the Rhode Island General Assembly mandated that "[n]o civil action shall be commenced or prosecuted for alienation of affection, criminal conversation or seduction, and said causes of action are hereby abolished." R.I. Gen. Laws §9-1-42 (1985). Rhode Island thus joined the majority of states that have abolished the tort of alienation of affections. Seegenerally Restatement (Second) of Torts § 683, comment b (1979).
In enacting R.I. Gen. Laws § 9-1-42, the Rhode Island General Assembly clearly manifested an intent to abolish civil actions for tortious interference with the marital relationship. While it delineated certain precise causes of action that were to be abolished, that laundry list of marital torts simply was reflective of the causes of action, grounded in tort, that had been recognized in Rhode Island and generally at common law prior to passage of R.I. Gen. Laws § 9-1-42.
A cause of action for civil adultery pursuant to R.I. Gen. Laws § 9-1-2, while not specifically mentioned, certainly would come within the scope of the statutory abolition. Section 9-1-2
allows generally for the imposition of civil liability for criminal acts. On its face, therefore, this statute would allow for a civil cause of action for adultery (although plaintiff has cited no authority to suggest that Rhode Island has ever recognized a separate statutory cause of action for civil adultery under R.I. Gen. Laws § 9-1-2). Prior to 1985, such a cause of action existed at common law and it was known as criminal conversation. In 1985, however, the legislature chose to abolish that cause of action through its enactment of R.I. Gen. Laws § 9-1-42. As R.I. Gen. Laws § 9-1-42 follows later in time than R.I. Gen. Laws § 9-1-2 and is the more specific enactment, it controls and constitutes an exception to or an implicit repeal of any civil cause of action for adultery arguably authorized by R.I. Gen. Laws § 9-1-2. See Metacom Associates v. Pub Dennis ofWarren, Inc., 591 A.2d 379 (R.I. 1991); St. Germain v. City ofPawtucket, 382 A.2d 180 (R.I. 1978).
While plaintiff also asserts the tort of intentional interference with the marital relationship, he offers no authority to support the existence of such a tort. A review of pertinent authority by this Court suggests that such a tort has never been recognized in Rhode Island nor elsewhere at common law.
The Restatement (Second) of Torts, like Rhode Island law, addresses three causes of action: § 683 (alienation of affections); § 684 (causing one spouse to separate from or to refuse to return to the other spouse); and § 685 (criminal conversation with one's spouse). In addition, Prosser's treatise on torts describes only three forms of interference with the marriage relationship: 1) abduction, enticement or harboring of a wife (now called consortium); 2) adultery — a form of trespass; and 3) alienation of affections. Prosser, Law of Torts (4th ed.) pp. 874-5, § 124. Professor Prosser found "no good reason for distinguishing them. They represent three forms of interference with the same relational interest, and of course all three may be present in the same case." Id. at 876. He found the basis of liability for all three torts to be "interference with the marriage relation." Id. at 877. There appears, therefore, to be no basis for a tort action founded solely on interference with the marriage contract. Arnac v. Wright, 292 S.E.2d 440 (Ga. Ct. App. 1982).
The General Assembly, in enacting R.I. Gen. Laws § 9-1-42, clearly intended to abolish all marital torts recognized at common law. The legislature did not explicitly abolish the tort of tortious interference with a marital relationship because such a tort did not exist. To the extent that the torts of alienation of affections, criminal conversation and seduction rely on proof of the existence of a marital contract and the tortious interference with that contract, they fairly can be viewed as types of actions for intentional interference with the marital relationship. To that extent, therefore, when it abolished the three established categories of marital torts (alienation of affections, criminal conversation, seduction), the General Assembly impliedly abolished the unrecognized category of tort (intentional interference with a marital contract) now asserted by plaintiff. See Arnac v. Wright, 292 S.E.2d at 442 (holding statute abolishing action for adultery, alienation of affections and criminal conversation also abolished, by implication, action for alleged intentional interference with marital contract and marital relations); Norris v. Moskin Stores, Inc., 272 Ala. 174, 132 So.2d 321 (1961) (holding alleged interference with marital contract and marital relation constituted alienation of affections, within statute prohibiting actions for alienation of affections).
Moreover, in light of the legislature's broad statutory abolition — evidencing its clear intent to abolish all marital torts — it is not the prerogative of this Court to create a new brand of marital tort previously unrecognized in Rhode Island or any other jurisdiction. Allowing plaintiffs to pursue claims for tortious interference with the marital relationship would allow them simply to rename and reassert torts of alienation of affections, criminal conversation, abduction and seduction — in clear contravention of the express will of the legislature.
Plaintiff has asserted causes of action for adultery and intentional interference with the marital relationship which this Court finds do not exist under Rhode Island law. While plaintiff's assertion of these claims may be viewed as a transparent attempt to circumvent the prohibitory language of R.I. Gen. Laws § 9-1-42, I cannot say that the complaint was frivolous. Any undue hardship and expense suffered by defendant in defending against claims that he thought had been clearly abolished must be viewed as a necessary part of sounding the final death knell for marital tort claims in Rhode Island.
Defendant's motion to dismiss plaintiff's complaint for failure to state a claim under R.I. Super. Ct. R. 12(b)(6) is hereby granted. Defendant's request for attorneys' fees and costs is denied. Counsel shall prepare an appropriate form of order and judgment forthwith for entry by the Court.